### TEEL *v.* YOST.

*(Superior Court of New York City, General Term.* February 6, 1890.)

FOREIGN JUDGMENT—ACTIONS ON.

    An action is maintainable in the courts of New York on a judgment of a Pennsylvania court against one domiciled in that state, entered before maturity on a note containing a clause authorizing entry of judgment, where it is shown by extrinsic evidence that under the laws of Pennsylvania it is proper to enter such a judgment for the sake of the lien given, though no attempt was made to summon defendant to appear in court. INGRAHAM, J., dissenting.

Appeal from special term.

An action by Lewis M. Teel against Abraham Yost to recover on a judgment he had obtained against the latter in a Pennsylvania court of common pleas.　For former reports, see 5 N. Y. Supp. 5, 777.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Lemuel Skidmore,* for appellant.　*Samuel B. Rogers,* for respondent.

FREEDMAN, J.　I am of the opinion that upon the trial, the proceedings of which we are now asked to review, the plaintiff has cured the defect of proof for which upon the former appeal a new trial was ordered.　The defendant was domiciled in the state of Pennsylvania at the time of the entry of the judgment in the court of common pleas of Northampton county of said state, and was therefore bound personally by the judgment, provided it was entered in accordance with the laws of that state.　It has now been shown by extrinsic evidence that the judgment sued on, notwithstanding its apparently faulty form, is, under the laws of Pennsylvania, in every respect a valid, binding, personal, and sufficient judgment of a court of general jurisdiction; that, during the period the note had to run the judgment gave only a lien, but that on the maturity of the note it became absolute, and enforceable by execution; and that under the laws of Pennsylvania it is customary and proper to enter such a judgment at any time before the maturity of the note for the sake of the lien given, though it cannot be enforced by execution until after the maturity of the note.　The judgment appealed from should be affirmed, with costs.　SEDGWICK, C. J., concurs.

INGRAHAM, J., (*dissenting.*)　I am unable to agree with my associates in affirming the judgment in this action.　It appears that no process of any kind was ever served upon the defendant in any suit in the court of common pleas of Northampton county in which the plaintiff in this action was plaintiff; and that the defendant never appeared in such action; and that no suit or action in such court ever came to the defendant's knowledge.　To entitle a judgment of the court of common pleas of the state of Pennsylvania to be enforced in this state, it must appear that the court had jurisdiction of the subject-matter, and of the person of the defendant.　That the court had jurisdiction of the subject-matter of the action is conceded.　I think it is clear, however, that the court had no jurisdiction over the person of the defendant.　The rule is stated in *Shumway* v. *Stillman,* 6 Wend. 453, that if it appeared by the record that the defendant was not served with process, and did not appear in person or by attorney, such judgment is void; and if it appear by the record that defendant appeared by attorney the defendant may disprove the authority to appear for him.　See *Kerr* v. *Kerr,* 41 N. Y. 275; *Shepard* v. *Wright,* 59 How. Pr. 514.　The question is squarely presented, therefore, whether a judgment entered in a court of general jurisdiction in another state, against a resident thereof, without the commencement of any action in which he was a party, and in which no proceeding was taken to bring him into court by service of process, either personal, by publication, or by any other method of substituted service, can be enforced in the courts of this state, the judgment debtor having subsequently become a resident of this state where the judgment is sought to be enforced, requires the defendant to pay a sum of money.　There is no question here as to the sufficiency of substituted service, or whether the defendant is bound by the law of the state of his domicile, which provides for the service of process by mail, or in some other way than by personal service.　Jurisdiction over the person of the defendant was never acquired, because no attempt was made to summons the defendant to appear in court.　The fundamental law of this state and nation requires that no person shall be deprived of life, liberty, or property without due process of law.　By the note which is recited as the foundation of this judgment, no consent or authority was given to the clerk of the court to enter

any judgment upon it. The pretended judgment sought to be enforced was entered long before the note was due, and when the defendant was not liable. The authority for an attorney to appear for him, and consent to the judgment, gave no authority to the clerk of the court to enter a judgment without such an appearance, and without notice. To hold this defendant has had his day in court, and has had a right to be heard, contradicts the whole evidence, and the record sought to be enforced; and to allow a recovery in the courts of this state, against a citizen of this state, without giving him an opportunity to impeach the correctness of the judgment, or the execution of the obligation upon which the pretended judgment in Pennsylvania was recovered, would be to deprive this defendant of his property without due process of law. At no time has he had an opportunity to be heard. At no time has he had any opportunity to show that he was not liable for the debt.

It is not necessary to determine whether or not this judgment could have been enforced in Pennsylvania. It is sufficient to say that it is not enforceable in this state, against a citizen of this state. I think, therefore, that the judgment should be reversed.