NANCY TREBILCOX, RESPONDENT, v. EZRA McALPINE, AS
EXECUTOR OF REBECCA BENEDICT, DECEASED, APPELLANT.

*Fraud — confession of judgment, without process in a foreign State, entered upon
a note procured by fraud — the judgment is open to a defense of fraud when sued
upon here.*

Upon a reference, under the statute, of a claim disputed by an executor, it appeared
that his testatrix, Rebecca Benedict, and one Abigail Van Deusen, while resi-
dents of the State of Pennsylvania, executed and delivered, under duress and
without consideration, a promissory note to one Joseph Trebilcox, payable in
five years, which note authorized any prothonotary or attorney to confess judg-
ment thereon in favor of the payee against them at once, a procedure authorized
by the statutes of Pennsylvania; that judgment upon the note was confessed
and entered against the makers within a month, and that the note was trans-
ferred to the plaintiff in consideration of a past indebtedness existing between
her and Joseph Trebilcox.

*Held,* that the note did not constitute a valid claim against the estate of the
testatrix.

That the confession of judgment, valid in Pennsylvania, was valid in the State of
New York.

That the note was merged in the judgment, but that the plaintiff's rights were no
greater than those of Joseph Trebilcox.

That as the consideration of his transfer to the plaintiff was a pre-existing debt,
the question of the validity of the claim was open to question.

That the executor of the maker, Benedict, was entitled to attack the claim for
duress and lack of consideration.

That the absolute verity imported by a judgment rests upon the idea that the
parties thereto had had an opportunity to be heard.

That the Pennsylvania judgment, taken by confession and without process, had
afforded the makers of the note no opportunity to defend.

That, in an action upon a judgment, fraud may be set up as an equitable defense.

That the court of one State, having jurisdiction of the parties, may declare a
judgment in another State to be void because of fraud.

That it was not necessary for the executor to take proceedings in Pennsylvania to
vacate the judgment for fraud, where the owner of the judgment had come into
this State to enforce it.

That, upon the facts, it was error for the referee to find that the note was not
extorted by duress.

APPEAL by the defendant Ezra McAlpine, as executor of the
last will and testament of Rebecca Benedict, deceased, from an
order, entered in the office of the clerk of Rennselaer county on the
6th day of July, 1891, confirming the referee's report in the above
entitled action and denying defendant's motion to set aside said

report and grant him a new trial upon a case and exceptions made, settled and signed; and also from the direction in said order allowing the plaintiff costs as in an action, five per cent extra allowance, and the direction therein for judgment against the defendant in the sum of $493.15; and also from the judgment, entered, in this action on the order appealed from herein, in the office of the clerk of Rensselaer county on the 6th day of July, 1891, awarding the plaintiff $493.15 damages and $489.79 costs, amounting in all to $982.94, after a trial before a referee.

The referee, among other things, found as facts:

" That, by section 28 of chapter 2634 of the Statute Law of the State of Pennsylvania, entitled ' An act to alter the judiciary system of this commonwealth,' passed February 24, 1806, and recorded in law book there of No. X, page 223, it is enacted and provided as follows, to wit: ' That it shall be the duty of the prothonotary of any court of record within this commonwealth, on the application of any person being the original holder (or assignee of such holder) of a note, bond or other instrument in writing in which judgment is confessed, or containing a warrant for any attorney at law, or other person to confess judgment, to enter judgment against the person, or persons who executed the same for the amount, which, from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed, with such stay of execution as may be therein mentioned, for the fee of one dollar to be paid by the defendant, particularly entering on his docket the date and tenor of the instrument of writing, on which the judgment may be founded, which shall have the same force and effect as if a declaration had been filed and judgment confessed by an attorney, or judgment obtained in open court and in term time; and the defendant shall not be compelled to pay any costs or fee to the plaintiff's attorney when judgment is entered on any instrument of writing as aforesaid.' " Which said statute law has ever since the enactment thereof remained, and now is, in full force and effect in said State of Pennsylvania.

According to the practice and decisions of the courts of the State of Pennsylvania, under said section 28 of chapter 2634 of the Statute Law of said State, judgment could be legally and properly entered, under said section 28, upon the note or instrument in writing in question.

Under the laws and practice of the courts in the State of Pennsylvania the judgment entered on said note or instrument in writing in the Court of Common Pleas, in Bradford county, in the State of Pennsylvania, September 28, 1880, by the prothonotary of such court, on filing such note in his office, and without service of process or proof of other appearance by the makers of such note, was under the laws of that State, in every respect a valid, binding, personal and sufficient judgment of a court of general jurisdiction.

. It is customary and proper, under the laws of the State of Pennsylvania, to enter judgment in such way on such a note at any time before the maturity of the note.

Under the laws and practice of the courts of the State of Pennsylvania the judgment entered upon said note was legally and properly entered, and became, and is, a valid and binding personal judgment against said Abagail Van Deusen and Rebecca Benedict of a court of general jurisdiction, possessing jurisdiction of the subject-matter and of the persons of the judgment-debtors.

The following is a copy of the note:

" $300.00. SHESHEQUIM, *August* 31, 1880.

" Five years after date, for value received, I promise to pay Joseph Trebilcox, or bearer, the sum of three hundred dollars, with interest, and without defalcation, waiving stay of execution, right of appeal, errors, inquisition and all exemption laws prior to this date, and I hereby authorize the Prothonotary, or any attorney of any Court of Record in Pennsylvania, or elsewhere, to confess judgment against ―――― ―――― for the above sum, interest and costs of entering judgment on this note, as witness hand and seal.

·" ABAGAIL VAN DEUSEN.
" REBECCA BENEDICT."

Indorsed: No. 170, Dec. T. 1880. Joseph Trebilcox v. Abagail Van Deusen, Rebecca Benedict.

*E. R. Harder*, for the appellant.

*A. Frank B. Chace*, for the respondent.

LEARNED, P. J.:

This is an appeal from a judgment on the report of a referee in proceedings to establish a claim against the estate of a decedent.

The plaintiff's claim is based upon what is claimed to be a judgment in the Common Pleas of Bradford county, Pennsylvania, in favor of plaintiff's assignor Joseph Trebilcox, against the defendant's testator, Rebecca Benedict. This judgment was entered, December Term 1880, on what is called a judgment note filed September 27, 1880, dated August 31, 1880, and payable five years after date. The note was signed by Rebecca Benedict and another, and was payable to Joseph Trebilcox. There was no appearance by the deceased in that proceeding and no process was served on her. The judgment was entered as by confession, and, as appears above, it was entered some five years before the note became payable. Upon this trial the plaintiff proved the statute of Pennsylvania, which is claimed to authorize such entry of judgment. He also proved, by the testimony of a counselor of that State, that under the law of the State such judgment might be entered at once and before the maturity of the note. The judgment becomes a lien then, and may be enforced by execution after such maturity. It was also proved that, at the time of the execution of the note, Rebecca Benedict was a resident of Pennsylvania, and that the note was executed and delivered in that State.

The case of *Teel* v. *Yost* (40 N. Y. State Rep , 110), involved the consideration of a judgment similar to that above described. And the whole subject of such confessions of judgment is discussed so fully that it is useless to examine the matter further as to anything there decided. That decision affirmed one reported in 29 New York State Reporter, 272. And, from an examination of the opinion in both courts, the decision appears to be that such judgment constitutes a valid confession of judgment in Pennsylvania and is enforceable here.

As this was a judgment on the note, the note is merged. Therefore, the claim is no longer negotiable, and the transfer gives the plaintiff here no better rights than Joseph Trebilcox had. Furthermore, the transfer to the plaintiff was to pay an old debt, and no new consideration passed. Therefore, the whole question of the validity of the claim is open, as much as if Joseph Trebilcox were the plaintiff.

The question, then, arises whether the defendant can attack this claim on the ground that the note was obtained without considera-

tion and by threats. The principle that a judgment imports, as the phrase is, absolute verity, or that it is conclusive on all parties thereto, rests on the fact that all such parties have been heard or have had an opportunity to be heard. When a defendant has been duly served with process and has defended unsuccessfully, or has failed to defend, or has, after such service, admitted the plaintiff's claim, then he is bound. (*Stilwell* v. *Carpenter*, 59 N. Y., 423.) After the party has thus had an opportunity to be heard before a lawful tribunal, then he must be bound conclusively by the judgment, unless there was a fraud of which he could not have availed himself in the court giving judgment, or a fraud which prevented him from availing himself of his defense. (Same Case, 2 Abb. N. C., 263 ; *Ward* v. *Southfield*, 102 N. Y., 292.) But it is manifest that the ground of this sound principle does not exist in the case of such a judgment as the one in question. The defendant had no opportunity to defend in the court of Pennsylvania. She had no notice of the action. She, therefore, has not neglected to make her defense when she could do so. The authority which she gave for the entry of the judgment was given at the time of signing the note and was a part of the note.

If the note was void for want of consideration or for duress, so was the power of attorney contained therein. Yet the defendant has never had, nor has her executor had until this time, an opportunity to allege such fraud or want of consideration.

This may be illustrated by the case of *Wilcox* v. *Howell* (44 N. Y., 402), where a mortgagor, at the time of executing the mortgage, gave a certificate that the mortgage was given for a good consideration and for full value. The mortgage being, in fact, tainted with fraud, the certificate did not estop the party from showing such fraud.

In *Dobson* v. *Pearce* (12 N. Y., 157), one Olney had recovered, in this State, a judgment against Pierce which had been assigned to the plaintiff. Olney had previously sued this judgment in Connecticut, whereupon Pierce had brought an action in chancery, in Connecticut, alleging that the judgment had been obtained by fraud, and he had thereupon obtained a decree declaring the judgment fraudulent, and perpetually enjoining the action commenced thereon.

Such action was thereupon discontinued. Then Olney assigned to Dobson, who brought this action. The court held that " whether, therefore, fraud or imposition in the recovery of a judgment could heretofore have been alleged against it collaterally at law or not, it may now be set up as an equitable defense to defeat a recovery upon it." And they held, also, that the decree in Connecticut was conclusive in this State on the question of fraud.

Thus it will be seen that the court recognized two principles: First, that in an action on a judgment fraud may now be set up as an equitable defense; second, that the court of one State having juris-diction of the parties may adjudge that a judgment in another State is void because recovered by fraud.

Hence it follows that it would have been competent for Rebecca Benedict to bring an action in this State against Joseph Trebilcox to declare the judgment void for fraud. And it also follows that in an action on that judgment the equitable defense of fraud may be set up as a defense.

Now, it is true, as above stated, that where a defendant has been duly served with process, and a judgment thereupon has been recovered, the kinds of fraud on which such judgment can be attacked are few. But we have already pointed out that such a limitation can not be applicable where a judgment has been entered, as in this case, without either the appearance of the defendant or the service of process on him. If a plaintiff by duress compels a defendant to execute what is called a judgment note, and then enters a judgment thereon without service of process, to say that such a judgment is absolutely binding on the defendant is to sanction a wrong and to deprive the injured party of the opportunity for redress.

It is argued that the only remedy of the defendant is to take proceedings in Pennsylvania to vacate the judgment. We have only to refer to the case last cited. That shows that when the plaintiff in a judgment fraudulently obtained in one State comes into another to enforce the same, the courts of the latter State may redress the fraud according to the system of practice prevailing there, that is, by an injunction action if law and equity are kept distinct, or by an equitable defense if the two systems are united. The plaintiff has come into this State to enforce in these proceedings

the collection of this judgment alleged by defendant to be fraudulent. Under our present practice it is not necessary that the defendant should bring an equitable suit to restrain these proceedings on the judgment. He may show in these proceedings the fraud which he alleges, which neither he nor his testatrix have had an opportunity before of proving in court.

The referee found, as a fact, that the note was wholly without consideration; and that, at the time it was given, no demand was made upon the makers of any existing indebtedness from them, and that the makers were not indebted to the payee at all.

Abagail Van Deusen, one of the signers of the note, testified on the trial that Trebilcox, the payee, came to her when no one was present but herself, Mrs. Benedict and Trebilcox, and told her he would "roll the balls" upon her; "that what she had done was fraud, and he would break it all up," and made other threats. She testified that she and Mrs. Benedict signed the note under fear and in consequence of threats made by him. There is no contradiction of this testimony. The referee, however, refused to find that the note was signed solely through fear and in consequence of these threats; and it seems that he refused to find that these threats were made.

We do not understand this refusal. The testimony of Mrs. Van Deusen was corroborated by evidence showing that Joseph Trebilcox was dissatisfied with a will made by the deceased husband of Mrs. Van Deusen, and brother of the present plaintiff. Mrs. Van Deusen was, perhaps, a prejudiced witness, as she was a signer of the note. But the undoubted facts that there was no consideration for the note, and that the two signers were over seventy years old, give force to her testimony. It seems to us that, in this refusal to find, the referee must have been influenced by the view that the judgment had a controlling effect, which we cannot give to it.

We are of opinion that the judgment must be reversed and a new trial granted, referee discharged, costs to abide event.

MAYHAM and KELLOGG, JJ., concurred.

Judgment reversed, new trial granted, referee discharged, costs to abide event.