**HADDEN v. RUMSEY PRODUCTS, Inc., et al.**

**No. 106, Docket 22171.**

United States Court of Appeals Second Circuit.

Argued Feb. 6, 1952.

Decided April 1, 1952.

93

Saperston, McNaughton & Saperston, Buffalo, N. Y. (Howard T. Saperston and Richard H. Wile, Buffalo, N. Y., of counsel), and Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio (Leward C. Wykoff, Cleveland, Ohio, of counsel), for appellant.

Averbach & Bonney, Seneca Falls, N. Y. (Albert Averbach, Seneca Falls, N. Y., and William W. Barron, Washington, D. C., of counsel), for appellees.

Before SWAN, Chief. Judge, and L. HAND and CLARK, Circuit Judges.

SWAN, Chief Judge.

John A. Hadden, Disinterested Trustee for Manufacturers Trading Corporation, a corporation in reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., obtained, on December 30, 1949, in the United States District Court for the Northern District of Ohio, Eastern Division, a judgment by confession against Rumsey Products, Inc., a New York corporation, and five individuals, residents of New York. The judgment was confessed by the plaintiff's attorney upon cognovit promissory notes made by Rumsey Products, Inc. and endorsed by each of the five individual defendants.[1] For brevity the court which entered the judgment by confession will be referred to as the Ohio court. On January 16, 1950, the judgment creditor forwarded to the Clerk of the United States District Court for the Western District of New York (referred to hereafter as the New York court) an exemplified copy of the Ohio court's judgment for registration in the New York court pursuant to § 1963 of Title 28 of the Code.[2] Upon learning from the Clerk of the existence of the Ohio judgment and of the judgment creditor's attempt to register it in the office of the Clerk of the New York court, the judgment debtors initiated by petition for a show cause order the proceeding in which was entered on April 2, 1951 the judgment brought before us by the present appeal.[3] This judgment permanently enjoins the judgment creditor from attempting to enforce the Ohio judgment and permanently restrains the Clerk of the New York court from entering the transcript of said judgment in his office. The appeal presents two questions: (1) whether the New York court had acquired personal jurisdiction of the judgment creditor, and (2) whether the judgment by confession was obtained by fraud upon the Ohio court. These questions will be considered *seriatim*.

In its procedural aspects the question whether the New York court had jurisdiction of the judgment creditor is quite complex. The appellees' first petition for a show cause order was filed January 20, 1950. It alleged that the judgment by confession was taken without notice to the maker and endorsers of the notes, that they had absolute defenses to the notes, and that filing in the New York court of a copy of the judgment was premature because the time to appeal had not expired.[4] No summons was issued on the petition. The court forthwith issued a show cause order returnable January 30, and directed

1. Each note contained the following clause: "The undersigned and all endorsers, whose names now appear or are hereafter written on the reverse side of this instrument, do jointly and severally, waive presentment, demand, protest, and notice of protest and non-payment hereof, and further do hereby authorize any attorney-at-law to appear before any Justice of the Peace, or in any court of record in the State of Ohio, or in any other State or Federal District in the United States, after the above obligation becomes due, and waive the issuing and service of process and confess a judgment against the undersigned and the endorsers, jointly and severally, in favor of the payee or any holder of this note, for the amount then appearing due, together with all costs of suit, and thereupon release all errors and waive all right of appeal, stay of execution and right of appraisal of real and personal property." A similar clause was printed on the reverse side of each note immediately above the signature of the endorsers.

2. 28 U.S.C.A. § 1963 provides: "A judgment in an action for the recovery of money or property entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."

3. The case in the New York court is entitled the same as is the Ohio judgment; hence the judgment creditor appears as plaintiff, although the moving parties seeking relief from the Ohio judgment are the judgment debtors.

4. We find it unnecessary to determine whether the waiver in the notes of "all rights of appeal" accelerated the time for registration under 28 U.S.C.A. § 1963.

that the order be served upon the judgment creditor and his Cleveland attorneys by mail. On the return date, the judgment creditor not appearing, the court found that service had been had by mail and forthwith granted a preliminary injunction against causing execution to be issued on the judgment, restrained the Clerk of the New York court "from entering the transcript" of the Ohio judgment, and ordered that the matter remain open for further orders. Thereafter on October 3, 1950 the appellees filed a second petition more fully alleging the defenses referred to in their first petition, except as to the unexpired time to appeal, and sought an order to set aside the Ohio judgment. The court issued an order to show cause returnable October 10. The petition and order were served on the trustee by mail. On October 9 the appellees filed a "Supplemental Petition" which alleged that the appellant's attorney had confessed judgment on the notes despite notice given by the maker and endorsers that they had absolute defenses to the notes. Such action was alleged to be a fraud on the court, rendering the Ohio judgment void. A copy of the Supplemental Petition was handed to the appellant's local attorney during the hearing on the show cause order returnable October 10. The attorney attempted to appear specially to contest jurisdiction, but the court ruled that the appellant had appeared generally.[5]

Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that on motion and upon such terms as are just, the court may relieve a party from a final judgment for fraud, misrepresentation or other misconduct of an adverse party. Whether an attack under this Rule is limited to the district court which originally entered the judgment or may also be made in another district where the judgment was registered under 28 U.S.C.A. § 1963 does not appear to have been judicially determined.[6] The judgment debtors evidently assumed that they could make such a motion in the New York court as soon as the judgment creditor forwarded a copy of the judgment to the Clerk of the New York court. But we need not decide whether the Ohio judgment could properly be attacked by motion in the New York court. Rule 60(b) expressly provides that the rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment. The appellees' several petitions to the New York court may be treated as an independent action to obtain equitable relief from the Ohio judgment. Although Rule 3 states that an action is commenced by filing a complaint it would be quite out of harmony with the spirit of Rule 1 to hold the appellees bound by the labels placed on the papers submitted to the district court. Nor is it necessary that a summons should have been issued and served as contemplated by Rule 4, provided the appellant took action equivalent to entering his general appearance. The district court's opinion as quoted in note 5 supra, states that on October 10 the appellant's attorney "again" attempted to file an exemplified copy of the journal entry of the Ohio judgment. By thus seeking affirmative relief from the court, the appellant on well settled principles waived any question of personal jurisdiction.[7] Consequently the

5. The court's opinion states [96 F.Supp. 991]: "By attempt to file an exemplified copy of the journal entry of the judgment on January 16, 1950, and again on October 10, 1950, the plaintiff must be deemed to have submitted the validity of the judgment to this Court to take jurisdiction of the investigation and to have appeared generally so that any words of 'special appearance' are not sufficient to produce such a result. Farmer v. National Life Association, 138 N.Y. 265, 270, 33 N.E. 1075; Merchants Heat & L. Co. v. James B. Clow & Sons, 204 U.S. 286, 290, 27 S.Ct. 285, 51 L.Ed. 488."

6. Cf. Moore's Commentary on the U. S. Judicial Code, 385-6.

7. See Merchants Heat & Light Co. v. James B. Clow & Sons, 204 U.S. 286, 289, 27 S.Ct. 285, 51 L.Ed. 488; Marcus v. Otis, 2 Cir., 168 F.2d 649, 659; Leonardi v. Chase National Bank, 2 Cir., 81 F.2d 19, 20, certiorari denied 298 U.S. 677, 56 S.Ct. 941, 80 L.Ed. 1398; Jos. Riedel Glass Works, Inc., v. Keegan, D.C., 43 F.Supp. 153, 159.

appellant's contention that the court never acquired jurisdiction over him cannot be sustained.

■ The next question for consideration is the court's ruling that the judgment was procured by a fraud upon the Ohio court because the plaintiff's attorney confessed judgment without informing that court that the defendants had asserted defenses to the notes. That ruling is erroneous. The notes contained warrants of attorney expressly authorizing the precise procedure which the plaintiff followed. The very purpose of cognovit notes is to permit the note holder to obtain judgment without a trial of possible defenses which the signers of the notes might assert. The validity of such warrants of attorney is recognized both by statute and decision in Ohio.[8] To do precisely what the warrants of attorney authorized cannot be a fraud upon the court. This does not mean, however, that the judgment debtors cannot attack the Ohio judgment in an independent action in the New York court on charges of fraud in procuring the execution of the notes. As already stated, that court has jurisdiction to entertain an independent action to relieve a party from a judgment.[9] The appellees' allegations of duress, fraudulent misrepresentation and concealment, if substantiated upon a trial, may entitle them to a decree.[10] Without taking proof on these charges, the court entered the judgment appealed from. This was error. The judgment must be reversed and the cause remanded for further proceedings. It is so ordered, with costs of the appeal awarded the appellant.

8. Ohio Gen.Code, § 11597; First National Bank of Findlay v. Trout, 58 Ohio St. 347, 51 N.E. 27; Swisher v. Orrison Cigar Co., 122 Ohio St. 195, 171 N.E. 92. See also Wassell v. Reardon, 11 Ark. 705, 54 Am.Dec. 245; Withers v. Starace, D.C.E.D.N.Y., 22 F.Supp. 773.

9. See Notes of Advisory Committee on Amendments to Rules, Rule 60(b); Moore's Federal Rules 1951, 279–280; Wallace v. United States, 2 Cir., 142 F.

2d 240, 244, certiorari denied 323 U.S. 712, 65 S.Ct. 37, 89 L.Ed. 573.

10. See Simon v. Southern Ry. Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492; Wyman v. Newhouse, 2 Cir., 93 F.2d 313, certiorari denied 303 U.S. 664, 58 S.Ct. 831, 82 L.Ed. 1122; Griffith v. Bank of New York, 2 Cir., 147 F.2d 899, 901, 160 A.L.R. 1340, certiorari denied 325 U.S. 874, 65 S.Ct. 1414, 89 L.Ed. 1992; Brone v. Golde, 267 N.Y. 284, 196 N.E. 58; Trebilcox v. McAlpine, 62 Hun. 317, 17 N.Y.S. 221.