UNITED STATES of America, for the Use and Benefit of MOSHER STEEL COMPANY, and Mosher Steel Company, Plaintiffs,

v.

The FLUOR CORPORATION, Ltd., Defendant-Appellee,

American Export Industries, Inc., Defendant-Appellant, et al.

No. 364, Docket 35091.

United States Court of Appeals, Second Circuit.

Argued Dec. 15, 1970.

Decided Dec. 24, 1970.

Joseph Lotterman, New York City, for defendant-appellant.

Harold C. Warnock, Tucson, Ariz. (Bilby, Thompson, Shoenhair & War-

nock, Tucson, Ariz., Raymond L. Falls, Jr., Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, of counsel), for defendant-appellee.

Before MOORE, KAUFMAN and HAYS, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

This complicated controversy, involving three tiers of contractors and subcontractors on a federal missile site construction project in Arizona, and centering around a judgment entered in the United States District Court for the District of Arizona, was brought eastward when the appellee Fluor Corporation, Ltd. ("Fluor") registered that judgment in the Southern District of New York pursuant to 28 U.S.C. § 1963.

The appellant American Export Industries, Inc. ("AEI") against whom execution was issued, moved for relief from the judgment upon the ground that it had already been satisfied, released and discharged. Fed.R.Civ.Proc. 60(b) (5). AEI asks us to rule that Judge Metzner abused his discretion in holding that the Arizona district court was a more suitable forum to resolve the question, and accordingly denied AEI's motion without prejudice to its presentation in the Arizona Court. Finding that the court below acted well within its discretion, we affirm.

A brief reference to the background may be helpful in viewing this conflict in perspective. Because of difficulties in the construction of a missile site near Tucson, Arizona in 1961–1962, Mosher Steel Co. ("Mosher"), a second-tier subcontractor, was awarded a judgment in excess of $200,000 against AEI (another second-tier subcontractor), the Union Tank Car Co. ("Union") (a first-tier subcontractor), Fluor (the general contractor), and the sureties on Fluor's Miller Act payment bond. 40 U.S.C. §§ 270a, 270b. On appeal to the Ninth Circuit Court of Appeals, the judgment was affirmed in all respects having any relevancy to this appeal. Fluor Corp. v. United States ex rel. Mosher Steel Co., 405 F.2d 823 (9th Cir.), cert. denied, 394 U.S. 1014, 89 S.Ct. 1632, 23 L.Ed.2d 40 (1969).

Soon after the United States Supreme Court denied certiorari, Fluor moved before the Arizona district court for an order decreeing that, in the event that Mosher satisfied its judgment against Fluor, Fluor would have a right to recover from both Union and AEI. AEI opposed this motion on a number of grounds. It contended among other things that the Mosher judgment would be extinguished for all purposes by Fluor's payment, that Fluor was bound by the terms of a settlement between AEI and Union, and that Arizona law denied Fluor a right of subrogation against AEI. The Arizona district court denied Fluor's motion without opinion.

Soon thereafter, Fluor apparently paid the Mosher judgment, and received in return an assignment of Mosher's rights thereunder against AEI and the Union. Fluor then proceeded to register that judgment in the Southern District of New York. When execution was levied, AEI brought its Rule 60(b) (5) motion for relief, urging the same arguments it had presented—apparently successfully—to the Arizona district court in opposition to Fluor's post-judgment motion.

■ At the threshold we address ourselves to a question the parties have not considered: whether the district court's order is appealable. The question is apparently a novel one. Although in practical effect the denial of AEI's motion was similar to a nonappealable transfer of the case to another district, 28 U.S.C. § 1404(a), we believe that the more compelling analogy is to the ancient remedy of dismissal upon the grounds of *forum non conveniens*, which is appealable, see Ford Motor Co. v. Ryan, 182 F.2d 329 (2d Cir.), cert. denied, 340 U.S. 851, 71 S.Ct. 79, 95 L. Ed. 624 (1950); 9 J. Moore, Federal Practice ¶110.13[6].

■ The powers of a district court to grant relief against a judgment regis-

tered there under 28 U.S.C. § 1963 have not been comprehensively delineated. That it may grant relief in certain circumstances seems clear. Hadden v. Rumsey Prods., 196 F.2d 92 (2d Cir. 1952); 7 J. Moore, Federal Practice ¶60.28[1]. Few would argue, however, that the court of registration lacks discretion in appropriate circumstances to refer the parties to the court which rendered judgment. Again, the analogy to the federal courts' traditional *forum non conveniens* procedures is persuasive. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).[1] Here, AEI's motion for relief under Rule 60(b) (5) raised virtually the same issues in the Southern District of New York as the District Court of Arizona had already considered in Fluor's post-judgment motion. Comity among the district courts would obviously be furthered if these issues were referred back to the court which originally considered them. Moreover, because the Arizona court was already familiar with the issues, the interests of efficient judicial administration commend that court as an eminently suitable forum for further related proceedings.

Affirmed.

1. The transfer of an action to a more convenient district pursuant to 28 U.S.C. § 1404(a) has largely supplanted dismissal upon grounds of *forum non con-* *veniens*. See Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955).