Leon **COLEMAN**, individually and d/b/a All Star Boxing Enterprises and Perry Payne, Plaintiffs,

v.

Floyd **PATTERSON**, Defendant.

No. M 18–302; Jdge. No. 72808.

United States District Court,
S. D. New York.

Nov. 3, 1972.

Milton Popper, Long Beach, N. Y., for plaintiffs; Ted Musick, Houston, Tex., of counsel.

Carl N. Mione, Brooklyn, N. Y., for defendant.

POLLACK, District Judge.

Defendant Patterson moves this Court to vacate and set aside a default judgment entered against him on April 4, 1972 by the United States District Court for the Southern District of Texas (Houston Division, Hanney, J.); to stop enforcement of a writ of execution to collect the judgment served on officials of Madison Square Garden, New York; to stay all proceedings of the judgment creditors pending a determination of this motion; and to have all issues relating to this case determined in the Southern District of New York. Defendant bases these motions upon his claim that he was not properly served before the default judgment was obtained and entered; defendant moves under Rules 55(c), 60(b)(4) and (6), and 62(b) of the Federal Rules of Civil Procedure.

Alleging a contractual breach by Patterson in his failure to fight in Houston on three scheduled dates, plaintiffs—the fight promotors—brought suit in the United States District Court at Houston, Texas; jurisdiction was based on diversity of citizenship and requisite amount. Service of process upon defendant Patterson conformed with Texas law, Vernon's Ann.Tex.Civ.St. 2031b(4) and (5), made applicable by Fed.R.Civ.P. 4(d)(7) and 4(e). A Marshal's Service Form indicates that service of process with a copy of the complaint was made upon the Texas Secretary of State on January 22, 1971; plaintiffs' Texas counsel states in his affidavit that service of the papers was then made by the Secretary of State upon Patterson by registered mail on February 2, 1971. Those are the means of effecting service and of obtaining jurisdiction permitted by Texas law in the circumstances disclosed in this case. No answer being received, plaintiffs moved for a default judgment. Their attorney avers that on or about December 9, 1971, a copy of the motion for entry of default judgment was served upon the Secretary of State, who then served Patterson therewith by certified mail.

On April 3, 1972, a hearing was held before the Honorable Allen B. Hannay at Houston, Texas, at which time proof of service of process and the question of personal jurisdiction were expressly considered. On April 4, 1972 the Court granted a default judgment in favor of

plaintiffs, finding the damages and fees to be $55,000 plus costs.

On September 7, 1972, a certificate of judgment, dated August 2, 1972, from the Southern District of Texas was filed in the Southern District of New York, thereby registering the default judgment in this Court. 28 U.S.C. § 1963. Plaintiffs then issued execution to the Marshal on this judgment, who attached funds held for defendant by officials of Madison Square Garden. The present proceeding was thereupon instituted by the defendant.

At the outset, the Court is faced with the procedural question of when the federal district court in which a judgment is registered may grant relief under Rule 60(b)—the operative section cited herein—against a judgment issued by a different district court. There appears to be no authoritative answer to this question, although it has arisen in other cases. *See* United States for Use and Benefit of Mosher Steel Company v. Fluor Corp., 436 F.2d 383 (2d Cir. 1970), cert. denied, American Export Industries, Inc. v. Fluor Corp., 402 U.S. 945, 91 S.Ct. 1623, 29 L.Ed.2d 114 (1971); Hadden v. Rumsey Products, 196 F.2d 92 (2d Cir. 1952); Winfield Assoc., Inc. v. Stonecipher, 429 F.2d 1087 (10th Cir. 1970); Stanford v. Utley, 341 F.2d 265, 271 (8th Cir. 1965); James Blackstone Mem. Ass'n v. Gulf, Mobile & O. R. R., 28 F.R.D. 385 (D.Conn.1961). *But cf.* Whitehouse v. Rosenbluth Bros., 32 F. R.D. 247 (E.D.Pa.1962). In *Hadden*, this circuit treated a motion under Rule 60(b) as an independent action for relief, stating:

> Whether an attack under this Rule is limited to the district court which originally entered the judgment or may also be made in another district where the judgment was registered under 28 U.S.C.A. § 1963 does not appear to have been judicially determined. . . The appellees' several petitions to the New York court may be treated as an independent action to obtain equitable

relief from the Ohio judgment. Although Rule 3 states that an action is commenced by filing a complaint it would be quite out of harmony with the spirit of Rule 1 to hold the appellees bound by the labels placed on the papers submitted to the district court. . . . [T]he appellant's attorney "again" attempted to file an exemplified copy of the journal entry of the Ohio judgment. By thus seeking affirmative relief from the court, the appellant on well settled principles waived any question of personal jurisdiction. 196 F.2d at 95.

■ While it remains uncertain when the registration court *may* grant relief under Rule 60(b), it has been determined whether that Court *must* grant such relief. In United States for Use and Benefit of Mosher Steel Company v. Fluor Corp., *supra*, the Court held:

> The powers of a district court to grant relief against a judgment registered there under 28 U.S.C. § 1963 have not been comprehensively delineated. That it may grant relief in certain circumstances seems clear. . . . Few would argue, however, that the court of registration lacks discretion in appropriate circumstances to refer the parties to the court which rendered judgment. Again, the analogy to the federal courts' traditional *forum non conveniens* procedures is persuasive. 436 F.2d at 384–385.

The present case appears to be an appropriate one for the exercise of such discretion by this Court:

First, the jurisdiction of this Court over these plaintiffs arises from the registration, *Hadden, supra;* the plaintiffs are citizens of Texas, and the transactions involved herein occurred outside of New York. The witnesses needed to document compliance with the Texas service rules are in Texas, as are witnesses to the amount of damages incurred. Texas appears to be the most convenient forum. Although defendant is a resident of New Paltz, New York, he

became subject to the reach of the Texas long arm statute by entering into a contract to fight in Texas, VATCS 2031b (4); thus, he may be expected to litigate in the Texas Court.

Second, the purpose of the registration of judgments procedure is to simplify and facilitate collection on valid judgments. Stanford v. Utley, supra, 341 F.2d at 270; 7 Moore's Federal Practice § 60.28(1). This aim would be thwarted should a defendant be allowed to hamper collection by contesting aspects of the judgment in each District Court in which that judgment is registered; the time and expense required to oppose multiple motions would be an unfair burden on the plaintiff who had obtained a valid judgment. For those cases where a defendant clearly deserves relief, the registration court may have the power to act. *Fluor, supra.* Nevertheless, such situations should be viewed as special cases; more often, the Court issuing a judgment will be the sole forum for modifications of its judgment. *See* Moore's Federal Practice, *supra.* Where, as here, the judgment appears on its face to be valid in all respects, the registration court should defer to the issuing court.

Third, the record of this case reveals that Judge Hannay carefully considered the questions of service and jurisdiction raised herein, albeit in an *ex parte* proceeding. The interests of judicial economy would not be served by transferring all files bearing on these issues to New York for a *de novo* hearing. If the defendant has evidence to prove non-compliance with Texas law, his remedy is to present this evidence to the Houston Court. That Court has the necessary expertise and experience with Texas rules of procedure to rule on the sufficiency of compliance.

Defendant's motions to vacate and set aside the default judgment and to have all issues relating to this case determined in New York are hereby denied in all re-spects without prejudice to an application to the Houston Court, if defendant be so advised, for relief from the judgment. To allow defendant time to bring his motion before the proper forum, the Southern District of Texas, this Court will, without any impairment of the levy of the Marshal pursuant to the execution heretofore issued, and without releasing any lien which may have attached thereunder, stay further collection on the execution for a period of 40 days from the date hereof; any further stay should be requested from the Houston Court.

So ordered.