**UNITED STATES of America**

v.

**EARL PHILLIPS COAL COMPANY.**

**Civ. A. No. 8065.**

United States District Court,
E. D. Tennessee, N. D.

Jan. 20, 1975.

John L. Bowers, Jr., U.S. Atty., Knoxville, Tenn., for plaintiff.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

On October 26, 1972, this action was filed for enforcement of a civil penalty assessment pursuant to the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. § 801 et seq). A copy of the petition for enforcement was sent to the defendant by certified mail on October 26, 1972. A default judgment was entered on January 17, 1973, after the defendant failed to appear, plead, or otherwise defend in the action. The amount of the judgment is $280.00, with interest from the date of judgment, costs of $35.-00, and all future costs from the date of judgment. The default judgment was then recorded in state court on July 10, 1974, and was admitted to record in this action on July 11, 1974.

On August 27, 1974, interrogatories were propounded by plaintiff pursuant to Rule 33, F.R.Civ.P., and mailed to the defendant. On October 23, 1974, a writ

**102**

of execution was returned unexecuted. On November 11, 1974, upon the motion of plaintiff and pursuant to Rule 37(a), F.R.C.P., the Court ordered the defendant to serve on the plaintiff answers to plaintiff's interrogatories on or before December 4, 1974. After the defendant failed to answer the interrogatories on or before the given time, and upon the motion of the plaintiff, an order to show cause why defendant should not be held in contempt was issued on January 2, 1975. The defendant did not appear at the hearing which was held Monday, January 13, 1975, at 9:00 A.M. The plaintiff then moved the Court to hold defendant in contempt.

■■■■ Rule 69(a), F.R.C.P., makes it clear that the Government is entitled to obtain discovery from the judgment debtor under the applicable rules set out in the Federal Rules of Civil Procedure.[1] Furthermore, it is not open to serious question that the Court has the power to hold a party in contempt who disobeys a Court order under Rule 37(a) compelling answers to interrogatories which have been properly served pursuant to Rule 33. *See* 4A J. Moore, Federal Practice ¶ 37.03 [2.–6] (2d Ed. 1974).

Rule 37(b) provides in pertinent part:

"(2) *Sanctions by court in which action is pending.* If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

\*　　\*　　\*　　\*　　\*　　\*

"(D) In lieu of the foregoing orders or in addition thereto, an order

treating as a contempt of court the failure to obey any order . . ."

Since this is a supplementary proceeding, the Court is aware that the sanctions available under Rule 37(b)(2)(A) and (C) are inapposite. The Government states in its supplemental memorandum that "[t]he only option left to the plaintiff at this point is a request to the Court to issue a bench warrant for the defendant pursuant to Rule 37(b)(2)(D) . . ." Supplemental Memorandum for Plaintiff, at 3.

■■■■ The Court is reluctant to issue a contempt citation involving an alleged debt except under extraordinary circumstances which do not appear to exist in this case.

The return on the execution in this case reads:

"Unable to contact 10–23–73. *Returned unexecuted* as per conversation with AUSA Steadman. Will issue subpoena. WHT."

The Court takes judicial knowledge that Devonia, the place where the defendant last carried on business, is a small village with few inhabitants. The Court of its own motion sought to find out from the Marshal why the owner of the business, Earl Phillips, had not been served and was advised that he had moved from Devonia and that his whereabouts were unknown. A contempt citation under such circumstances would be a useless act.

Accordingly, it is ordered that plaintiff's motion to have defendant held and adjudged in contempt be, and the same hereby is, denied.

---

1. Rule 69(a) provides in pertinent part: "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules . . ."