**W. C. McELVEEN, Plaintiff,**

v.

**CARIB INN INTERNATIONAL, INC., Defendant.**

**Civ. A. No. 74–H–1393.**

United States District Court, S. D. Texas, Houston Division.

April 26, 1976.

---

**194**

Leo A. Kissner, Houston, Tex., for plaintiff.

## MEMORANDUM

NOEL, District Judge.

In this action plaintiff sued under the Interstate Land Sales Act, 15 U.S.C. § 1701, et seq., to rescind a real estate purchase, and to recover punitive damages and attorney's fees. Service was had on defendant, a Colorado corporation, by means of the Texas long-arm statute, Tex.Civ.Stat.Ann., Art. 2031b. Defendant did not file an answer or otherwise appear, and on April 16, 1975, after hearing the matter in open court, the Court entered a default judgment for the sum of $29,000.00. Plaintiff subsequently filed interrogatories in aid of judgment pursuant to *Fed.R.Civ.P.* 69, and has now moved for an order compelling defendant to answer. In essence, plaintiff's interrogatories seek to identify and locate assets belonging to defendant upon which execution might be levied. There is, however, no indication in the record that defendant possesses any property in this state that would be subject to execution.

■ The propriety of an order compelling discovery under the circumstances of this case is apparently a question of first impression. Although the Court doubtlessly has jurisdiction to enter such an order, it is inclined to the view that the Motion should be denied on forum non conveniens grounds. *Cf. Paley v. Soloman,* 59 F.Supp. 887 (D.D.C.1945) (doctrine of forum non conveniens applied to post-judgment discovery). To grant the Motion would compel defendant to appear in this District and answer plaintiff's interrogatories, to move to vacate judgment in this District on jurisdictional or other grounds, or to suffer a contempt citation for disobeying the order compelling discovery. While the defendant could litigate this Court's jurisdiction in the District of his residence when enforcement of a contempt citation was sought, the risk of losing that battle, given the vagaries of federal jurisdiction, significantly raises the stakes for an out-of-state defendant who has suffered a default judgment at a distant forum in the belief that he could contest jurisdiction at the place where execution is sought. *Cf. United States v. Earl Phillips Coal Co.,* 66 F.R.D. 101 (E.D.1975). Thus, unless a defendant is reasonably certain that a court entering a default judgment lacks jurisdiction, the procedure sought by plaintiff in this action effectively assures that jurisdiction will be litigated in that court. But for precedent suggesting a different result, this Court would hold that where a default judgment is had against an out-of-state defendant, post-judgment discovery should be sought in the first instance in the District where defendant resides and where his property presumably is located.

■ In *Coleman v. Patterson,* 57 F.R.D. 146 (S.D.N.Y.1972), plaintiff obtained a default judgment in this District and sought execution in New York. Defendant then moved to vacate the judgment on the ground that he was not properly served. The Court ruled that that question should be litigated in this District on forum non conveniens grounds and denied the motion without prejudice to an application to this Court for relief. While this Court does not concur with portions of that opinion, it does appear that the considerations seen as calling for the application of the forum non conveniens doctrine will frequently be

present. Thus, *Coleman* must be read as holding that except in special cases the question of the jurisdiction of a court entering a default judgment is to be resolved by that Court. This Court is of the view that consistency in this area is of special importance to avoid inconsistent rulings by different District courts and to apprise litigants of where the jurisdiction issue will be resolved. *See* 7 Moore, *Federal Practice & Procedure,* ¶ 69.05[1] n. 19 (1975).

For the foregoing reasons, an order granting plaintiff's motion will be entered this date.