GLICKSTEIN, Judge.
Appellant sued on a promissory note and notice of the suit was properly given appel-lees, who neither filed an answer nor made any other appearance in response. The clerk entered defaults against both appel-lees and the trial court thereafter entered a final judgment. In order to satisfy the judgment, appellant sought post-judgment discovery pursuant to Florida Rules Civil Procedure 1.560, by use of interrogatory. When appellees refused to answer the interrogatory, appellant moved to compel a response. The appeal is from the order denying appellant’s motion.
The issue is whether the trial court erred in refusing to grant appellant’s motion compelling appellee’s response to post-judgment discovery because the judgment was rendered following a default. We hold that it did, and we reverse and remand.
While there does not appear to be any precedent in Florida on the issue of post-judgment discovery following a default judgment, that provision of Florida Rules of Civil Procedure 1.560 which authorizes discovery after final judgment is substantially identical to Federal Rules of Civil Procedure 69(a). There is authority proposing the use of federal court decisions to illuminate state rules of civil procedure where the two rules are substantially identical. Carson v. City of Fort Lauderdale, 173 So.2d 743, 744 (Fla. 2d DCA 1965).
There are federal cases which shed light on this issue. It was directly raised in United States v. Earl Phillips Coal Co., 66 F.R.D. 101 (E.D.Tenn.1975), involving a final default judgment entered after the defendant filed nothing and made no appearance. The court held specifically that the federal government was entitled to obtain discovery upon the judgment rendered after default, the discovery contemplated being in the form of interrogatory. 66 F.R.D. at 102. Similarly, McElveen v. Carib Inn International, Inc., 71 F.R.D. 193 (S.D.Tex. 1976), granted a motion to compel a defendant to answer an interrogatory submitted on post-judgment discovery when the final judgment had been entered after defendant’s default. A final example of the use of discovery after final judgment on a defaulting party is found in Baker v. Limber, 647 F.2d 912 (9th Cir.1981). The current issue is tangential to the Baker decision, which rejected a fifth amendment claim by which defendant sought to avoid the discovery, but the implication is clear. In short, the federal cases, both directly and by implication, authorize use of post-judgment discovery after a final judgment is gained by default, and we see no logical reason not to follow their lead.
HURLEY and WALDEN, JJ., concur.