NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0794n.06

Case No. 12-6502

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Aug 28, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| PAMELA LYNN LACER, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiff-Appellee, | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF KENTUCKY |
| v. | ) | |
| | ) | |
| BRIAN M. PICKARD, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:     BOGGS and McKEAGUE, Circuit Judges; BECKWITH, District Judge.[*]

BECKWITH, Senior District Judge.  Defendant-Appellant Brian Pickard appeals the district court's order, entered pursuant to Fed. R. Civ. P. 60(b)(1), granting Plaintiff-Appellee Pamela Lacer's motion to vacate an order dismissing her complaint.  Pickard's notice of appeal cites 28 U.S.C. §1291 as the basis for this court's jurisdiction.  The court sua sponte ordered the parties to submit letter briefs addressing whether appellate jurisdiction exists.  Because we conclude that it does not, we dismiss Pickard's appeal.

I.

Lacer was arrested by Pickard, a Taylor County, Kentucky deputy sheriff, on October 1, 2004.  She was charged with several crimes including trespass and resisting arrest.  While her criminal case was pending, she filed a civil suit against Pickard, other officers and the county sheriff

---

[*]The Honorable Sandra S. Beckwith, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

under 42 U.S.C. §1983, alleging (among other claims) that Pickard used excessive force against her during the arrest. Lacer was convicted of criminal trespass in an August 2006 trial, but the jury could not reach a verdict on the other charges (including resisting arrest), and the court declared a mistrial. Long delays ensued thereafter in proceeding with the remaining charges and, as a result, Lacer's federal civil suit was held in abeyance for some time. In the summer of 2010, the district court set a trial schedule, and the parties engaged in discovery. In an April 28, 2011 opinion, the district court granted the other defendants' motion for summary judgment, but denied summary judgment to both parties on Lacer's claims against Pickard. (R. 49) On May 6, 2011, Pickard moved to continue the trial because the criminal charge of resisting arrest was not yet resolved. The district court granted his motion and entered a July 18, 2011 order, stating that Lacer's complaint would be dismissed with prejudice if she took no further action before July 18, 2012. (R. 61)

All of the remaining criminal charges were resolved by April 2012, but Lacer did not inform the district court of that fact, nor did she take any other action prior to July 18, 2012. Without further notice, the district court dismissed the complaint by order dated September 28, 2012. (R. 62) Three days later, Lacer filed a motion to vacate the dismissal pursuant to Fed. R. Civ. P. 60(b)(1) and (b)(6), arguing excusable neglect and inadvertence on the part of her lawyer. (R. 64) Pickard opposed Lacer's motion. The district court granted Lacer's motion solely under Rule 60(b)(1) and vacated the dismissal on November 1, 2012. In its order (R. 69), the court cited Lacer's counsel's assertion that he had only recently begun working on her case and only then learned about the July 2011 order. The court found

> no reason to suspect Counsel acted to delay the proceeding either for some unlawful purpose or to gain some advantage. The Court is also satisfied that the impact of Plaintiff's delay on judicial proceedings is, or will be, minimal. Ultimately, the Court

finds that the approximately two-month delay here was minimal, and there is no discernible prejudice to the Defendant based on this delay. ... Nor does the Court find any indication that the delay result[s] in tangible harm such as loss of evidence [or] increased difficulties of discovery.

*Id*. at 3 (internal quotation marks omitted).  The district court set a scheduling conference with the parties for the purpose of setting a trial date.

Pickard filed a notice of appeal from the court's order on November 30, 2012.  (R. 72)

II.

This court is "... under an independent obligation to police our own jurisdiction, and thus we can raise the issue of jurisdiction sua sponte."  *Bonner v. Perry*, 564 F.3d 424, 426 (6th Cir. 2009)(internal quotation marks omitted).  28 U.S.C. §1291 confers appellate jurisdiction over final decisions of the district court.  A final decision is usually defined as one "by which a district court dissociates itself from a case."  *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995).

The district court's order vacating the prior dismissal is not a "final" order.  The case was reopened and the court intended to set a trial date.  As we noted in *Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990), an order setting aside a dismissal under Rule 60(b) is not final or immediately appealable, as it "is merely one of the orders which the district court has made and will make in the process of reaching a decision."  Nor does the district court's order fall within the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949).  The order does not deny qualified immunity, nor involve the loss of a right so "deeply rooted in public policy" that it should be considered final for purposes of appeal.  *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 884 (1994).

Pickard asserts that "Rule 60(b) rulings are appealable independently pursuant to applicable law." (Appellant's Letter Brief at 1) But the cases he cites are inapposite or distinguishable. *Hadden v. Rumsey Products, Inc.*, 196 F.2d 92 (2d Cir. 1952), was an appeal by a judgment creditor from a permanent injunction entered by the district court, forbidding him from registering an out-of-state judgment against resident debtors. The Second Circuit mentioned Rule 60(b) in discussing whether or not the debtors could challenge the judgment under that Rule or by a separate action; but that issue had nothing to do with the merits of the judgment creditor's appeal, and jurisdiction was plainly conferred by 28 U.S.C. §1292. *Good v. Ohio Edison Co.*, 149 F.3d 413 (6th Cir. 1998), was an appeal from a final judgment of dismissal of a third-party complaint and the court's denial of a Rule 60(b)(2) motion to alter that judgment; jurisdiction was properly exercised under 28 U.S.C. §1291 to review both orders. In *McCurry v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586 (6th Cir. 2002), the district court had dismissed a wrongful death action because diversity jurisdiction did not exist and because the plaintiff lacked standing to bring the lawsuit under applicable state law. Months later, plaintiff filed a motion pursuant to Rule 60(b)(1) and (b)(6), asking the court to amend the now-dismissed complaint to add the deceased's wife as a plaintiff, contending that she was the real party in interest all along (and asserting that the amendment was sought to preserve her standing to sue in state court). While it was undisputed that the proposed amendment would not cure the defect in diversity jurisdiction, the district court granted the motion under Rule 60(b)(6), finding that substantial justice would be served. This court reversed, noting its concern that the district court lacked jurisdiction to enter what was essentially an advisory opinion on the surviving spouse's ability to pursue the state case. Because there were no outstanding issues in the federal case at the time of the order in question, this court held that "it is extremely doubtful

-4-

whether the circumstances permitted an exercise of the District Court's limited jurisdiction over actual cases and controversies." *Id*. at 598. Here, there is no dispute that the district court had jurisdiction to enter the challenged order, the effect of which was to restore Lacer's case to the court's active docket.

Pickard also cites *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465 (6th Cir. 2007). There, the parties settled Ford's copyright infringement claims and entered into a consent judgment. A few years later, Ford alleged that defendant continued to infringe and filed a motion to set aside the judgment pursuant to Rule 60(b)(6). The district court granted that motion and reopened the case, and defendant appealed. This court vacated the order, concluding that the district court abused its discretion in granting relief absent evidence establishing extraordinary or exceptional circumstances. While this case bears a superficial resemblance to Pickard's appeal, the facts of that case demonstrate that the consent judgment consisted of a permanent injunction against the defendant, enjoining it from selling goods that infringed Ford's copyrights. *Id*. at 466. An order granting or dissolving an injunction is immediately appealable under the express terms of 28 U.S.C. §1292.

This court has recognized a narrow exception to the final judgment rule, which we have labeled a "reasonably well grounded common-law exception," which can allow an appeal from a non-final order when the district court acts without power to do so. *See Fuller*, 916 F.2d at 360; *Doyle v. Mut. of Omaha Ins. Co.*, 504 F. App'x 380, 382 (6th Cir. 2012). But Pickard does not dispute the district court's power to entertain Lacer's motion; rather, he contends that the district court abused its discretion in granting it. It is undisputed that Lacer's motion was timely filed, and that it presented grounds for relief that fall squarely within the ambit of Rule 60(b)(1): mistake,

inadvertence, and/or excusable neglect.  We lack jurisdiction to consider whether or not the district

court abused its discretion in concluding that Lacer had satisfied that Rule.

Pickard's appeal is therefore dismissed.