**TOMMILLS BROKERAGE CO., Inc.,**
**Plaintiff,**

v.

**Fred THON, an Individual, Defendant.**

**Civ. No. Misc. 8–70.**

United States District Court,
D. Puerto Rico.

Feb. 16, 1971.

Aurelio Torres Braschi, Esq., Santurce, P. R., for plaintiff.

Rafael Martinez Alvarez, Jr., Santurce, P. R., for defendant.

## ORDER

TOLEDO, District Judge.

On September 10, 1970, TomMills Brokerage Co., Inc., filed a petition requesting for the registration of a certain judgment entered in the United States District Court for the Northern District of Illinois, Eastern Division, in Civil Action No. 70–C–839 of said district, TomMills Brokerage Co., Inc. vs. Fred Thon, an individual, Associated Mortgage Investors, a Massachusetts Business Trust, and Associated Mortgage Managers Ltd., a Limited Partnership, defendants.

On December 1, 1970, Fred Thon, defendant in that action, filed a motion to dismiss the registration of the judgment alleging that he had received information to the effect that a certain judgment issued by the District Court of Illinois, details of which were unknown to him, had been registered in this court and that he had obtained knowledge of said judgment through information received by his attorney from the attorney who had registered the judgment in this court. He contends through his attorney, that he was at that time outside the jurisdiction of this court, that he had never been served personally, nor otherwise with copy of any of the proceedings allegedly instituted against him in the State of Illinois, where he had never resided nor done business.

He, therefore, contended that said judgment had been rendered by the Illinois Court without first having obtained jurisdiction over his person, and was therefore null, void and that it violated due process under the Fifth Amendment of the Constitution of the United States. He, therefore, requested that the registration of said judgment be dismissed and that an order be entered refraining the plaintiff TomMills Brokerage Co., Inc., its agents, attorneys and

representatives from further enforcing the said judgment against the petitioner.

To sustain his petition, defendant Thon filed his own sworn statement stating facts to substantiate his contention that he had never been personally served with process and that of Luis M. Lavergne to corroborate his statement.

A hearing was held on the motion and both attorneys argued and filed briefs in support of their respective positions.

The question to be decided is whether this court has power to grant defendant Thon relief from the execution of the Illinois judgment which has been duly registered in this court on the basis that said judgment was entered into by the Illinois court without first having obtained jurisdiction over defendant Thon.

There is no indication neither in the law itself or in the legislative history that answers the question propounded.

Section 1963 Title 28 of U.S.C.A. provides that a judgment in action for recovery of money or property entered in any district court which has become final by appeal may be registered in any other district by filing therein a certified copy of such judgment and when registered may be enforced in like manner.

■ The legislative history indicates that the statute was intended to provide all the benefits of a foreign judgment without subjecting the plaintiffs or defendants to the expense of a second lawsuit. Hanes Supply Co. v. Valley Evaporating Co., 5 Cir., 261 F.2d 29.

■ From the above, however, it does not follow that this court has full powers over the registered judgment for all purposes and, more specifically, for the purpose of proceedings under Rule 60. James Blackstone Memorial Assn. v. Gulf, Mobile & O. R. R. Co., D.C., 28 F.R.D. 385.

■ It has been stated that the district court in which the judgment is registered has power, when the point is appropriately raised, to determine matters that are germane to registration and enforcement, such as whether the judgment is registerable, or whether it had become dormant so that an execution thereon should not issue.

The court, however, has no power to go behind the judgment and determine whether the rendering court made a correct adjudication. 7 Moore Federal Practice, Sec. 60.28(1), pg. 314. But this does not answer the question as to whether this court can quash the registration of a judgment which has been rendered by another district court .for lack of personal jurisdiction over the defendant.

This question has not been answered in a positive way. Moore is inclined to believe that had it been necessary for the court in Hadden v. Rumsey Products (CA 2d, 1952) 196 F.2d 92, to determine the matter, "the court of registration should have the power, as a practical matter, to grant relief by motion under Rule 60(b) for a number of reasons: the court of rendition was no more familiar with the situation than the court of registration; if an independent action to enjoin on the basis of fraud could be brought in the latter forum, as admittedly it could, the judgment creditor can hardly contend that the court of registration is an inconvenient form for a disposition of a 60(b) motion raising the same issues; and since by registering the judgment in a particular forum the creditor seeks to utilize the enforcement machinery of that district court it is not unreasonable to hold that the latter court has the power to determine whether relief should be granted the judgment debtor under 60(b). Take the void judgment as another example." 7 Moore Federal Practice, Sec. 60.28(1) pg. 315.

■ From a reading of the motion filed by the judgment debtor in this case, it appears that it can be considered as a motion under Rule 60(b) and as above mentioned, under said rule this

court has power to grant the judgment debtor relief in this case.

Having determined that this court has power to grant relief to the judgment debtor, let us now determine whether this court as the court of registration, will be a sufficiently convenient forum to entertain the motion herein filed on its merits or should, in the exercise of its sound discretion, decline to entertain the motion on the theory that the forum where the judgment was originally rendered is a more convenient and satisfactory forum.

■ The question raised in the motion is to the effect that the Illinois Court never acquired jurisdiction over the defendant and therefore, the judgment it rendered was null, void and violates due process under the Fifth Amendment.

This is a diversity of citizenship case. The question of whether personal service was obtained by the Illinois Court over the defendant is a matter that requires the interpretation of the laws of Illinois. Service of process on defendant was obviously made under the Illinois long-arm-statute, the interpretation of which, by the Illinois State Court, is binding on this court. The record is in that court and therefore, the Illinois court is a more convenient and satisfactory forum where this matter could best be determined.

Under these circumstances, this court in the exercise of its sound discretion, considers that it should not entertain on its merits the motion filed by the judgment debtor and in lieu thereof does hereby enter an order refraining plaintiff TomMills Brokerage Co., Inc., its agents, attorneys and representatives from further enforcing said judgment for a period of 120 days in order to grant the judgment debtor time to reproduce his motion for relief in the Illinois Court.