Russell FUHRMAN, d/b/a Russell Fuhrman and Company, Plaintiff-Appellee,

v.

John LIVADITIS, Defendant-Appellant.

No. 79–1421.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 25, 1979.
Decided Dec. 17, 1979.

John D. Kightlinger, Arlington Heights, Ill., for defendant-appellant.

Robert M. Jilek, Cedar Rapids, Iowa, for plaintiff-appellee.

Before SPRECHER and CUDAHY, Circuit Judges, and VAN DUSEN, Senior Circuit Judge.*

VAN DUSEN, Senior Circuit Judge.

This appeal challenges the denial by the district court of a motion for relief from judgment filed by appellant John Livaditis. Livaditis contends that the judgment entered against him is void and that under Rule 60(b) of the Federal Rules of Civil Procedure he is entitled to relief from that judgment. The district court denied the motion without prejudice to its presentation to the court which had originally entered the judgment. We affirm.

Plaintiff Russell Fuhrman, a citizen of Iowa, sued defendant John Livaditis, a citizen of Illinois, on June 16, 1977, in the United States District Court for the Northern District of Iowa. Jurisdiction was based on diversity of citizenship. Process

---

* The Honorable Francis L. Van Dusen, Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

was served by certified mail, return receipt requested, a method permitted in some instances by Rules 56.1 and 56.2 of the Iowa Rules of Civil Procedure. According to the return receipt, defendant Livaditis received notice of the suit on June 25, 1977. He did not enter an appearance, and a default judgment in the amount of $56,000. was entered against him on September 6, 1977. Notice of the judgment was sent to defendant via certified mail.

On October 28, 1977, pursuant to 28 U.S.C. § 1963, plaintiff Fuhrman registered with the United States District Court for the Northern District of Illinois the default judgment. Almost a year later, on October 10, 1978, Livaditis filed in the Northern District of Illinois a motion for relief from judgment. Fuhrman opposed the motion and offered to stipulate to a stay of enforcement of the judgment until Livaditis could seek relief from the federal court in Iowa. The federal court in Illinois, the registering court, denied the motion without prejudice, specifying that Livaditis could present the motion to the court which had originally entered the judgment. The registering court noted that Livaditis asserts that the judgment against him is void due to a lack of personal jurisdiction. Recognizing that the case at bar is a diversity suit, and that questions concerning personal jurisdiction would involve interpreting the long-arm statute of Iowa, the registering court concluded that the federal court sitting in the Northern District of Iowa would be a more convenient forum. According to Livaditis, this determination by the United States District Court for the Northern District of Illinois constitutes reversible error.

■ The decision to grant or deny relief under Fed.R.Civ.P. 60(b) is committed to the discretion of the trial court. 7 *Moore's Federal Practice* ¶ 60.19, at 227–32 (2d ed. 1979); 11 Wright & Miller, *Federal Practice and Procedure: Civil* § 2857 (1973). Thus, the scope of appellate review is limited to determining whether there has been an abuse of discretion. *Beshear v. Weinzapfel*, 474 F.2d 127, 129 (7th Cir. 1973); Moore, *supra* ; Wright & Miller, *supra*.

Ordinarily, a motion for relief from judgment is addressed to the court which rendered judgment. Here, however, Livaditis seeks relief in one federal district court from a judgment rendered by another federal district court. This presents a situation not explicitly addressed by Fed.R. Civ.P. 60(b). According to the Second Circuit in *United States ex rel. Mosher Steel Company v. Fluor Corporation*, 436 F.2d 383, 384–85 (1970):

> "The powers of a district court to grant relief against a judgment registered there under 28 U.S.C. § 1963 have not been comprehensively delineated. That it may grant relief in certain circumstances seems clear. . . . Few would argue, however, that the court of registration lacks discretion in appropriate circumstances to refer the parties to the court which rendered judgment. . . . [T]he analogy to the federal courts' traditional *forum non conveniens* procedures is persuasive." (Citations omitted.)

Similarly, in *Winfield Associates, Inc. v. Stonecipher*, 429 F.2d 1087 (10th Cir. 1970), a case in which a default judgment entered in the Northern District of Illinois was registered in the District of Kansas, the court specified that in order to mount a successful challenge to the denial of relief under Rule 60(b), Fed.R.Civ.P., an appellant must demonstrate an abuse of discretion by the trial court. *Cf. United States ex rel. Hi-Way Electric Company v. Home Indemnity Company*, 549 F.2d 10 (7th Cir. 1977) (a motion under Fed.R.Civ.P. 62(f) for stay of execution of a registered judgment is addressed to the sound discretion of the registering court).

In general, it is more convenient for motions for relief from judgment to be addressed to the court which entered the judgment.

> "[T]he rendering court ordinarily will be far more familiar with the case and with the circumstances that are said to provide grounds for relief from the judgment. Accordingly it is appropriate for the court in the district of registration to decline to

pass on the motion for relief and to require the moving party to proceed in the court that gave judgment."

Wright & Miller, *supra* at 224–25 (footnote omitted). A number of courts have so held. *See United States v. Fluor, supra; Winfield Associates, Inc. v. Stonecipher, supra; Coleman v. Patterson,* 57 F.R.D. 146 (S.D.N.Y. 1972); *Tommills Brokerage Company v. Thon,* 52 F.R.D. 200 (D.P.R.1971). *But see Radiation Technology, Inc. v. Southern Rad, Inc.,* 68 F.R.D. 296 (N.D.Ga.1975); *Graciette v. Star Guidance, Inc.,* 66 F.R.D. 424 (S.D.N. Y.1975). In discussions of this issue, two major policy considerations are often voiced: (1) comity among the federal district courts is furthered if the registering court refers the question of relief from judgment to the court which ordinarily entered the judgment; (2) efficient judicial administration is furthered if the registering court defers to the original court, which is likely to be more familiar with the issues raised by the motion for relief from judgment. *United States v. Fluor, supra* at 385; *Coleman v. Patterson, supra* at 148–49.

Livaditis, in effect, argues that these policy considerations do not support the registering court's decision in this case to defer to the federal court in Iowa. He asserts that because there was no litigation in Iowa, but rather a default judgment, the court in Iowa is not more familiar with the facts and law of the case. Livaditis misapprehends the basis of the registering court's decision. The registering court did not state that the federal court in Iowa had a better grasp of the pertinent facts. Rather, it stated that the lack of personal jurisdiction issue raised by Livaditis required an interpretation of the laws of the state of Iowa, and for that reason concluded that the federal court in Iowa would be a more convenient forum than the federal court in Illinois.

As the registering court remarked, in denying the motion for relief from judgment, the case at bar closely parallels the situation in *Tommills Brokerage Company v. Thon, supra.* There the defendant attacked as void for lack of personal jurisdiction a default judgment which had been entered against him by the United States District Court for the Northern District of Illinois and registered with the United States District Court for the District of Puerto Rico. The registering court stated:

"The question raised in the motion is to the effect that the Illinois Court never acquired jurisdiction over the defendant and therefore, the judgment it rendered was null, void and violates due process under the Fifth Amendment.

"This is a diversity of citizenship case. The question of whether personal service was obtained by the Illinois Court over the defendant is a matter that requires the interpretation of the laws of Illinois. Service of process on defendant was obviously made under the Illinois long-arm statute, the interpretation of which, by the Illinois State Court, is binding on this court. The record is in that court and therefore, the Illinois Court is a more convenient and satisfactory forum where this matter could best be determined.

"Under these circumstances, this court in the exercise of its sound discretion, considers that it should not entertain on its merits the motion filed by the judgment debtor . . . ."

*Id.* at 203.

■ We believe that this reasoning is logical and applies to the instant suit. While we do not conclude that a registering court presented with a motion for relief from judgment based on lack of personal jurisdiction must in every instance defer to the court which originally issued the judgment, such deference is not an abuse of discretion in this case. Accordingly, we will affirm the district court's denial, without prejudice, of the motion filed by Livaditis for relief from judgment.