LOADER LEASING CORPORATION, a
Michigan corporation, Plaintiff,

v.

PENN ERECTION & RIGGING CO., INC.,
a Pennsylvania corporation, and Harvey
C. Taylor, jointly and severally, Defendants.

Misc. No. 8622.

United States District Court,
W.D. Pennsylvania.

July 30, 1982.

Joseph J. Bonistalli, Pittsburgh, Pa., for plaintiff.

William Peter Chapas, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

BLOCH, District Judge.

Defendants seek to vacate a judgment in the amount of $45,196.88 plus costs entered by a district court of the Eastern District of Michigan, Southern Division, on March 16, 1981. Defendants contend that the Michigan court lacked personal jurisdiction to enter an order, thereby rendering the judgment void. Plaintiff responds that the issue is one which will ultimately be determined by application of Michigan's Long-Arm statute and should, therefore, be transferred to the Michigan court which rendered the judgment. In light of the circumstances of this case, this Court will deny the motion to vacate the judgment of the District Court of the Eastern District of Michigan, Southern Division, without prejudice to defendants filing such a motion in the Michigan court.

In 1980, plaintiff filed suit in Michigan claiming damages for breach of a lease agreement covering a Caterpillar Model 988B Wheelloader. Plaintiff alleges that a U.S. Marshal served both the individual and corporate defendants on December 24, 1980, by handing a copy of the complaint and summons to Dorothy Spellens, the person in charge of defendants' place of business on that date. No appearance was entered by the defendants in the Michigan court. However, defendants' counsel indicated by letter addressed to plaintiff's counsel, dated March 3, 1981, and attached to plaintiff's brief as an exhibit, that he and his clients were aware of the default judgment hearing scheduled for March 16, 1981, in Michigan:

> My clients and I have received your letters of February 20, 1981, together with enclosures. As I stated in my letter of February 9, 1981, it is my position that since no transactions took place in Michigan, the Michigan court has no jurisdiction. With that in mind, I will not attend the hearing scheduled for Monday, March 16, 1981, and I assume that you will obtain a default judgment.
>
> As I informed you in my letter of February 9th, when you attempt to enforce your judgment in Pennsylvania, I will enter my appearance and contest jurisdiction...

Though it appears that the Michigan district judge made no specific conclusions of law as to personal jurisdiction, the Court noted in its Order that defendants' attorneys "though not having formally appeared

in the matter, hav[e] contacted counsel for the plaintiff through both phone calls and correspondence, the contents of which hav[e] been placed on the Court record in this matter."[1]

As defendants had promised, a motion to vacate the judgment for lack of jurisdiction and to dissolve the garnishment pursuant to Fed.R.Civ.P. 60(b) was filed on September 23, 1981, in the Western District of Pennsylvania. Fed.R.Civ.P. 60(b) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: ... (4) the judgment is void.... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28 U.S.C. § 1655, or to set aside a judgment for fraud upon the court.... [T]he procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Fed.R.Civ.P. 60(b) provides two procedures for obtaining relief from judgments: (1) the filing of a motion in the court and in the action in which the judgment was rendered, and (2) the institution of an independent action which may or may not be brought in the court which rendered the judgment. *See, Notes of Advisory Committee on Rules,* Fed.R.Civ.Proc. 60, 28 U.S.C.A.

Defendants have filed a motion, not an independent action. The distinction is significant. No jurisdictional basis for this Court's action has been alleged. Neither party has endeavored to put before this Court a complete record of the action filed in the Michigan court. Indeed, neither party has included in the record before this Court a copy of the complaint filed in Michigan, the letters of defendants' counsel and the testimony of witnesses considered by the Michigan court in reaching its decision, or a copy of the docket entries for this case in the Michigan court. The parties assume that this Court will review the action taken by the Michigan court without that court's complete record and without the assertion of an independent jurisdictional base upon which this Court may act. The parties have made an erroneous assumption.

Although the Third Circuit has not addressed the question of whether and under what circumstances the court of registration should defer to the court which rendered the judgment, the Seventh Circuit reviewed a case similar to the instant one in 1979 and upheld denial of the motion for relief. *See, Fuhrman v. Livaditis,* 611 F.2d 203 (7th Cir.1979). In so doing, the Seventh Circuit noted that it is generally more convenient for the rendering court to decide motions for relief from judgment because that court is ordinarily more familiar with the case. *Fuhrman, supra,* at 204. Under the circumstances of the instant case, this Court finds that deferral to the rendering court would enhance comity and further efficient judicial administration.

An appropriate Order will be issued.

---

**1.** Without a record of the proceedings before the Michigan court, this Court cannot determine whether the Michigan court addressed the issue of personal jurisdiction. Certainly the letters of defendants' counsel which were submitted to the Michigan court would have raised the issue. *See,* The United States Supreme Court's recent decision of *Insurance Corp. of Ireland, LTD v. Compagnie des Bauxites de Guinea,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), for a discussion of the federal district court's exercise of personal jurisdiction over non-resident defendants without their consent, waiver of the issue, and application of the principle of *res judicata* to jurisdictional questions. *See also, Baldwin v. Traveling Men's Ass'n.,* 283 U.S. 522, 525, 51 S.Ct. 517, 517–18, 75 L.Ed. 1244 (1931).