In re JOINT EASTERN & SOUTHERN DISTRICTS ASBESTOS LITIGATION.

In re JOHNS–MANVILLE CORPORATION, et al., Debtors.

Bernadine K. FINDLEY, as Executrix of the Estate of Hilliard Findley, et al., Plaintiffs,

v.

Donald M. BLINKEN, et al., Defendants.

No. S–91–66.

United States District Court, C.D. Illinois, Springfield Division.

Aug. 26, 1992.

Steven H. Frankel, Christopher Q. King, Sonnenschein, Nath & Rosenthal, Chicago, Ill., Elena Z. Kezelis, Springfield, Ill., for Manville Personal Injury Settlement Trust.

James Walker, James Wylder, James Walker, Ltd., Bloomington, Ill., for Respondent James Walker.

## OPINION

RICHARD MILLS, District Judge:

Are collateral attacks interposed against a foreign contempt judgment and resulting sanctions, registered for enforcement in this district pursuant to 28 U.S.C. § 1962, properly considered by this Court?

In this case, absolutely not!

### I. *Factual Background*

On August 26, 1982, Manville Corporation and certain affiliated entities ("Manville") filed a petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. On August 22, 1986, Manville proposed the Second Amended and Restated Plan of Reorganization (the "Plan") which created the Manville Personal Injury Settlement Trust (the "Trust").

The Trust was created for the payment of all asbestos related claims incurred by Manville.

Shortly after the Trust's establishment, it experienced substantial asset shortages due to escalating litigation costs including associated attorney's fees. On July 20, 1990, the reference of the Manville bankruptcy to the Bankruptcy Court for the Southern District of New York was partially withdrawn pursuant to 28 U.S.C. § 157(d) and United States District Judge Jack B. Weinstein, of the Eastern District of New York, was granted supervisory responsibility over the Plan to protect the Trust's assets and prevent further frustration of the Plan. Soon thereafter, the district courts for the Eastern and Southern Districts of New York, and the bankruptcy court for the Southern District of New York (the "Courts"), entered a temporary stay of payments from, and a stay on the enforceability of, judgments and settlements against, the Trust pending revision of its operations.

On November 19, 1990, certain claimants of the Trust filed in the Courts a class action (the "Findley Class Action") against the Trust's trustees to compel them to revise the Trust's obligations and payment procedures. The Findley Class Action was assigned to Judge Weinstein and was consolidated with the bankruptcy proceedings before the Courts.

In an order issued on November 23, 1990, following a show cause hearing, the Courts: (1) conditionally certified the Findley Class Action and appointed representative counsel; and (2) enjoined all pending litigation against the Trust to halt further dissipation of the Trust's assets during the pendency of the Findley Class Action. In subsequent contempt proceedings against Attorney James Walker held before Judge Weinstein, Walker was found to have received a copy of the Courts' November 23, 1990 order enjoining actions against the Trust. Attorney Walker does not contest this finding.

On June 14, 1990, the Illinois Circuit Court for McLean County entered judg-

ments in favor of the Plaintiffs and against the Trust in *Handley v. Manville Corp. Asbestos Disease Compensation Fund,* No. 80–L–93 (Ill.Cir.Ct., McLean Co.) and *Betts v. Manville Corp. Asbestos Disease Compensation Fund,* No. 79–L–147 (Ill. Cir.Ct., McLean Co.). Walker was the attorney for the claimants in both state actions. On December 31, 1990, in violation of the Courts' November 23 order enjoining all actions against the Trust, Walker caused Citations to Discover Assets to be issued to Bankers Trust Company ("Bankers Trust"), custodian of the Trust's assets, in an effort to enforce the *Betts* and *Handley* judgments.

On February 13, 1991, the Courts entered an order and partial judgment certifying a non-opt-out class pursuant to Federal Rule of Civil Procedure 23(b)(1)(B) consisting of all trust claimants. Pursuant to that order, the Courts stayed "[e]xecution or other enforcement of judgments against the Trust and/or its assets ..." and "negotiating settlements or from taking any action in connection with claims pending or hereafter commenced against the Trust." In later contempt proceedings against Walker, Judge Weinstein found that Walker received notice of the Courts' order of February 13 and that he knew it enjoined him from actions against the Trust. Again, Walker does not contest that finding.

On February 25, 1991, in the Illinois Circuit Court for McLean County, Walker obtained *ex parte* judgments against Bankers Trust in the amount of $3,118,511.57. On March 27, 1991, Walker caused garnishment summons to issue to five Chicago banks to enforce the Bankers Trust judgments.

On April 19, 1991, upon the Trust's and Bankers Trust's application, the Courts entered an order directing Walker to appear on April 23, 1991, and show cause why he should not be held in contempt for his actions in violation of the Courts' orders of November 23, 1990 and February 13, 1991. Walker was served by both facsimile transmission and personal service on April 19, 1991. Following Walker's failure to appear, Judge Weinstein found Walker in civ-

il contempt on April 24, 1991. In its order of contempt, the Courts referred to United States Magistrate Judge John L. Caden the issue of appropriate sanctions.

On May 13, 1991, Magistrate Judge Caden awarded to the Trust $52,085.30 in attorneys' fees and expenses associated with Walker's contemptuous behavior. On June 10, 1991, Magistrate Judge Caden assessed against Walker an additional $7,000 in sanctions and $22,569.71 in attorneys' fees and expenses. Both awards included the calculation of interest thereon at a rate of 6.07 and 6.09 percent respectively.

On October 21, 1991, the judgment entered against Walker was registered in this district pursuant to 28 U.S.C. § 1963. On that same day, a Citation to Discover Assets issued against Walker upon the application of the Trust. On November 18, 1991, Walker filed with this Court a motion for an order quashing the Citation to Discover Assets, for a dismissal of the supplementary proceedings and for a determination that the registered judgment is void pursuant to Federal Rules of Civil Procedure 12(b), 60(b)(4) and 69. That motion is currently before the Court.

II. *Arguments Advanced by Walker*

In support of his motion, Walker advances the following five arguments.

I. As to both Walker and the Plaintiffs in the *Handley* and *Betts* state actions, the Courts' orders of November 23, 1990, and February 13, 1991 are void for lack of subject matter jurisdiction.

II. That those same orders are void for lack of personal jurisdiction.

III. That those same orders violate 28 U.S.C. § 2283 (the "Anti–Injunction Act").

IV. That the September 3, 1991, Judgment upon Decision of Court is invalid due to Walker's failure to consent to those proceedings before Magistrate Judge Caden pursuant to 28 U.S.C. § 636(c).

V. That the Citation to Discover Assets is invalid due to its failure to conform to the requirements of Illinois Supreme Court Rule 277(e).

### III. *Analysis*

#### A. Arguments I, II, III, and IV

 Before this Court is Walker's motion in opposition to the enforcement of a foreign judgment registered in this district pursuant to 28 U.S.C. § 1963. The propriety of this Court's review of that motion—an issue addressed by neither party—is first examined.

Title 28 U.S.C. § 1963 provides in relevant part:

> A judgment in an action for the recovery of money or property entered in any district court ... may be registered by filing a certified copy of such judgment in any other district ... when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.... A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

Usually, it is more convenient for motions for relief from a judgment to be addressed to the rendering court.

> [T]he rendering court ordinarily will be far more familiar with the case and with the circumstances that are said to provide grounds for relief from the judgment. Accordingly it is appropriate for the court in the district of registration to decline to pass on the motion for relief and to require the moving party to proceed in the court that gave the judgment.

11 Wright and Miller, *Federal Practice and Procedure: Civil* § 2865 (1973) (footnote omitted).

The court in *United States v. Fluor Corp.*, 436 F.2d 383 (2nd Cir.1970), while noting that the powers of a district court to grant relief against a judgment registered pursuant to 28 U.S.C. § 1963 were not clearly established, observed that there could be little viable support for the notion that "the court of registration lacks discretion in appropriate circumstances to refer the parties to the court which rendered judgment." *Id.* at 385.

Relying on *Fluor*, the court in *Fuhrman v. Livaditis*, 611 F.2d 203 (7th Cir.1979), identified the principles controlling a registering court's decision to review the judgment of a rendering court. The *Fuhrman* court held that:

> In discussions of this issue [the review of judgments by the registering court], two major policy considerations are often voiced: (1) comity among the federal district courts is furthered if the registering court refers the question of relief from judgment to the court which ordinarily entered the judgment; (2) efficient judicial administration is furthered if the registering court defers to the original court, which is likely to be more familiar with the issues raised by the motion for relief from judgment.

*Id.* at 205. Here, both *judicial comity* and the pursuit of *efficient judicial administration* dictate that Walker's opposition to the enforcement of judgment based on subject matter jurisdiction, personal jurisdiction, the restrictions of the Anti–Injunction Act and the actions of Magistrate Judge Caden be referred to the rendering Courts for review.

"In general, [the] principle of 'comity' is that courts of one state or jurisdiction will give effect to [the] laws and judicial decisions of another state or jurisdiction, not as a matter of obligation but out of deference and mutual respect." Black's Law Dictionary 242 (5th ed. 1979). "Comity among the district courts would obviously be furthered if these issues [issues raised in opposition to the judgment of the rendering court] were referred back to the court which originally considered them." *Fluor*, 436 F.2d at 385.

Contempt of court is "[a]ny act which is calculated to embarrass, hinder, or obstruct [the] court in [its] administration of justice, or which is calculated to lessen its authority or its dignity." Black's Law Dictionary 288 (5th ed. 1979). In the instant case, Walker seeks to oppose, in a foreign jurisdiction, the consequences of behavior which the rendering Courts found sufficient to warrant a finding of contempt and the imposition of significant sanctions. This

Court finds that in the absence of glaring irregularities, comity demands that it respect such a decision.

Equally compelling is the readily apparent fact that the rendering Courts have previously and thoroughly addressed the issues raised by Walker. In both *In re Joint Eastern and Southern Districts Asbestos Litig.* 120 B.R. 648 (E. & S.D.N.Y. 1990) (*"Manville I"*) and *In re Joint Eastern and Southern Districts Asbestos Litig.* 129 B.R. 710 (E. & S.D.N.Y.1991) (*"Manville II"*) the rendering Courts painstakingly reviewed the effect of the Anti–Injunction Act on the enjoining of state court actions (*Manville I* at 655), whether the Courts had subject matter jurisdiction to resolve the controversy (*Manville II* at 778) and "the court's jurisdiction over non-resident class members...." *Manville II* at 796. In addition, since July 20, 1990, the rendering Courts have striven to protect the interests of current and potential asbestos litigation claimants, to oversee the restructuring of the Trust and to handle the certification of the Findley class action. The above cited exhaustive opinions and the duration of the Courts' extensive involvement with this matter demonstrate an expertise with the issues raised by Walker which this Court would by loath to squander.

**B. Argument V**

Federal Rule of Civil Procedure 69(a) provides in relevant part:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought....

Illinois Supreme Court Rule 277(e) states that:

> The examination of the judgment debtor, third party, or other witnesses shall be before the court, or, if the court so orders, before an officer authorized to administer oaths designated by the court, unless the judgment creditor elects, by so indicating in the citation or subpoena served or by requesting the court to so order, to conduct all or a part of the hearing by deposition as provided by the rules of this court for discovery depositions.

Walker argues that because the Citation to Discover Assets served on him fails to expressly indicate that the hearing would be conducted as provided by the rules governing depositions that it fails to conform to Rule 277(e) and is therefore void. Walker's argument is without merit.

Walker fails to cite, and this Court is unaware of, any authority in support of his position. It is clear from the face of the citation that the hearing would occur in accordance with the rules governing depositions and accordingly the Court rejects Walker's position.

**IV. *Conclusion***

*Ergo,* for the reasons noted above, Walker's motion to quash the Citation to Discover Assets, for the dismissal of the supplementary proceedings and for a determination that the registered judgment is void is DENIED WITHOUT PREJUDICE WITH LEAVE TO REFILE as to arguments I, II, III and IV before the rendering Courts, and DENIED WITH PREJUDICE as to argument V.

The enforcement of the judgment with the interest thereon will henceforth proceed expeditiously. *See Pacific Reinsurance Management Corp. v. Fabe* 929 F.2d 1215 (7th Cir.1991). The examination of Walker pursuant to the Citation to Discover Assets, issued upon the application of the Trust, will occur on September 24, 1992, at 9:00 a.m. before United States Magistrate Judge Charles Evans of this Court.