Victoria **ZDROK**, individually and doing business as **Planet Victoria, Inc.** and **PlanetVictoria.com**, Plaintiff,

v.

**V SECRET CATALOGUE, INC.**, Victoria's Secret Direct, LLC, Victoria's Secret Stores, Inc., and Intimate Beauty Corporation, Defendants.

Civ. No. 01–4282(WGB).

United States District Court, D. New Jersey.

Aug. 13, 2002.

Michael A. Taylor, Taylor, Boguski & Greenberg, Mount Laurel, NJ, Steven L. Sloca, Culver City, CA, for Plaintiff.

Anthony J. Sylvester, Craig L. Steinfeld, Riker, Danzig, Scherer, Hyland & Perretti, LLP, Morristown, NJ, Melise R. Blakeslee, Robert W. Zelnick, Carrie A. Shuffle-barger, McDermott, Will & Emery, Washington, DC, for Defendants.

## OPINION

BASSLER, District Judge.

Defendants (referred to collectively in this Opinion as "Victoria's Secret") have moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief may be granted. For the following reasons, Victoria's Secret's motion to dismiss the Complaint is **granted**.

Victoria's Secret has also filed a motion for sanctions, seeking an award of attorneys fees pursuant to 28 U.S.C. § 1927 and under the Court's inherent power. The Court concludes that Victoria's Secret demonstrated that Plaintiff Victoria Zdrok's ("Zdrok") conduct was sufficiently vexatious so as to warrant an award of fees pursuant to 28 U.S.C. § 1927. Accordingly, the Court **grants** Victoria's Secret's motion for costs and attorney's fees.

## I. FACTUAL BACKGROUND

This procedurally complicated dispute between the parties began as an ordinary intellectual property action in Ohio, traveled to California, and then relocated to New Jersey. That action stemmed from a rather colorful Internet website created by Zdrok. Zdrok earned her Bachelor of Arts degree from West Chester State University, her Juris Doctor degree from Villanova Law School, her Masters Degree in Psychology from Hahnemann University, and is currently pursuing her Ph.D. in Clinical Psychology. She financed her education by working as a model and actress, and appeared as a Playboy Playmate in Playboy's October 1994 issue.

In the summer of 1998, Zdrok began an interactive website dedicated to her modeling career. Zdrok's site was originally registered under the domain name "victo-

riassecretdesires.com." Though Zdrok later changed her website location to "www.planetvictoria.com," she retains the domain name "victoriassecretdesires.com." Zdrok continues to use links to the old domain, though those links are hidden from the public's view.

On both the old and new sites, by paying a monthly fee, Zdrok's fans can gain access to original, copyrighted photographs, videos, and writings which they can view and download to their personal computers. The site contains an auction program in which fans may bid on and purchase her worn, used lingerie. From the inception of her site, one page has also been titled "Victoria's Secret of the Month." This page carries a monthly quiz, and those who get the right answers can win autographed pictures of Zdrok.

On January 22, 2001, Victoria's Secret, national purveyor of lingerie and other intimate apparel, filed an action in the United States District Court for the Southern District of Ohio, Eastern Division—*V Secret Catalogue, Inc. v. Zdrok*, Case No. C2–01–0059 ("Ohio action")—alleging that Zdrok violated Victoria's Secret's trademark, *inter alia*, by using the phrase "Victoria's Secret" in connection with her domain name, text portions of the website, and her pre-worn lingerie auction. Although the Complaint alleged personal jurisdiction over Zdrok pursuant to Ohio Revised Code § 2307.382(A), it stated no facts to prove personal jurisdiction existed in Ohio.

Victoria's Secret claims that Zdrok was properly served, but Zdrok alleges that no attempt was made to serve her in a manner provided under Fed.R.Civ.P. 4(e). Zdrok contends she received a copy of the Summons and Complaint in the ordinary mail and was never personally served.

Zdrok believes that Victoria's Secret selected Ohio as a forum because it was a long way from her New Jersey home and would require her to expend a substantial amount of money to defend herself. She also believes that because Victoria's Secret is a major employer in the Ohio area, it would enjoy a "home town advantage" before the local judges of the Southern District court.

On February 26, 2001, Zdrok's counsel, Steven L. Sloca ("Sloca"), wrote to Judge Edmund A. Sargus, Jr. in the Southern District of Ohio explaining Zdrok's version of the facts and asking the assistance of the Court in trying to settle the case. In that and a subsequent letter, Sloca stated that he would represent Zdrok for no fee; however, Sloca advised that Zdrok could not afford to hire local counsel as required by Ohio local rules. Judge Sargus treated Sloca's first letter as a "Request to Proceed Without Local Counsel" and requested that Victoria's Secret submit a reply. Victoria's Secret subsequently replied and filed a request for a default judgment.

On April 6, 2001, Judge Sargus denied Zdrok the right to proceed without local counsel. On April 10, 2001, the Court in a four page order entered a default judgment, which awarded Victoria's Secret $100,000 in damages and enjoined Zdrok from having a "Victoria's Secret of the Month" web page or using the domain name "victoriassecretdesires.com." Zdrok claims that she did not receive notice of Judge Sargus' rulings and that by the time she received a mailed copy of Victoria's Secret's request for a default judgment, the Court had already entered the judgment.

On September 18, 2001, Judge Sargus signed a five page order containing findings of fact and conclusions of law supplementing, but not amending, his order of April 10, 2001. The court made a specific finding that it had personal jurisdiction over Zdrok pursuant to Ohio Revised Code § 2307.382(A).

Zdrok did not seek relief from Judge Sargus. Instead, on May 4, 2001, Zdrok filed an action in the United States District Court for the Central District of California, Western Division—*Zdrok v. v. Secret Catalogue, Inc.*, Case No. 01–4113 ("California action")—seeking to void the default judgment entered against her in Ohio. She filed her collateral attack pursuant to Fed. R.Civ.P. 60(b). Sloca, who is a California attorney, appeared as Zdrok's counsel.

On August 1, 2001, Judge Dickran Tevrizian in the Central District of California granted Victoria's Secret's Motion to Dismiss on the grounds that principles of judicial comity, fairness, and efficiency precluded Zdrok's "horizontal appeal" of Judge Sargus' default judgment. Judge Tevrizian dismissed the action without prejudice to Zdrok's right to refile in the proper forum and indicated more than once that the U.S. District Court in Ohio was the appropriate forum for this action.

Despite Judge Tevrizian's order, Zdrok commenced her action before this Court on September 6, 2001. In a Complaint almost identical to the one filed in the California action, Zdrok again seeks to void the default judgment entered by Judge Sargus in Ohio. Victoria's Secret has now moved to dismiss, on grounds that Judge Tevrizian's order precludes Zdrok from commencing this action anywhere but the Southern District of Ohio.

## II. *MOTION TO DISMISS*

### A. *Standard for Evaluating a 12(b)(6) Motion*

Under Federal Rule of Civil Procedure 12(b)(6), a complaint will be dismissed on the pleadings if it appears beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations of the claim that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Steamfitters Local Union No. 420 Welfare Fund v.*

*Philip Morris, Inc.*, 171 F.3d 912, 919 (3d Cir.1999). At issue in this case, however, are not the allegations in the pleadings, but whether Zdrok has the right to bring this independent action in equity to collaterally attack a judgment rendered in another federal district court.

### B. *Judicial Notice*

Generally, when reviewing a motion to dismiss, a court may consider only material contained in the pleadings. *Id.* The Court, however, may also review public records, including judicial proceedings. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir.1999). Federal Rule of Evidence 201 allows a court to take judicial notice of facts not subject to reasonable dispute that are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned." Judicial proceedings are not subject to reasonable dispute over their authenticity, and thus this Court may take judicial notice of other courts' opinions. *Wah Kwong*, 181 F.3d at 426.

Victoria's Secret has asked the Court to take judicial notice of documents upon which they rely in support of their Motion to Dismiss. Related to the Ohio action, Defendants have provided the Court with copies of the Complaint and Summons dated January 22, 2001; a Letter to the Honorable Edmund A. Sargus, Jr., from Steven Sloca, dated February 25, 2001; an Order construing Sloca's letter as a request by Zdrok to proceed without local counsel, dated February 27, 2001; Victoria's Secrete's Response to What the Court Has Construed as Zdrok's Request to Proceed Without Local Counsel, filed March 8, 2001; an Order denying Zdrok's request to proceed without local counsel, dated March

24, 2001; a Letter to the Honorable Edmund A. Sargus, Jr., from Steven Sloca, dated April 3, 2001; an Order denying Sloca's request to be admitted to the bar of the Court for purposes of the Ohio action, dated April 5, 2001; Motion for Entry of Default Judgment and Request for Hearing to Assess Damages, filed April 6, 2001; Judgment in a Civil Case, filed April 10, 2001; and an Order dated September 18, 2001, Supplementing Judgment in a Civil Case. (*See* Sylvester Aff., Exhs. A–K.)

Victoria's Secret also submitted documents from the California action, including the Complaint filed May 4, 2001 by Victoria Zdrok; an Order dated August 1, 2001, Granting Victoria's Secret's Request for Judicial Notice and Motion to Dismiss; and a Transcript of Hearing on Victoria's Secret's Motion to Dismiss the Complaint, dated July 30, 2001. (*See* Sylvester Aff., Exhs. L–N.) Because these documents are a record of judicial proceedings integral to the Complaint and the case at hand, they are extremely helpful in aiding the Court in evaluating each party's argument. Accordingly, the Court will take judicial notice of the submitted materials in considering the pending motions.

### C. *Analysis—Claim Preclusion, Comity, and the Proper Forum*

Zdrok asserts that, pursuant to Fed. R.Civ.P. 60(b), she can bring an independent action in equity to attack a default judgment rendered in another court. Victoria's Secret insists, however, that Zdrok cannot collaterally attack a judgment properly rendered by another court. Moreover, Victoria's Secret claims that Zdrok is precluded from bringing the present action on *res judicata* and comity grounds.

■ Zdrok previously instituted an action in the United States District Court, Central District of California, to void the default judgment obtained by Victoria's Secret in the United States District Court, Southern District of Ohio, for alleged violations of the Lanham Act and the Anticybersquatting Consumer Protection Act. When the California court denied her prayer for relief, Zdrok subsequently filed her action premised on the same theory in this Court. The present action, however, is barred by claim preclusion.

■ The rules of claim preclusion are well-established in the Third Circuit. A cause of action is barred from relitigation if (1) a final judgment on the merits has been rendered in a prior suit; (2) the same parties or their privies are involved; and (3) the subsequent suit is based on the same cause of action as the original. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir.1991), *citing United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir.1984).

Neither party disputes that the second and third elements have been satisfied; instead, the parties dispute whether the July 30, 2001, Order issued by the California court constitutes a "final" judgment that has preclusive effect in this Court. In that Order, Judge Dickran Tevrizian dismissed Zdrok's Complaint "without prejudice to allow [Zdrok] to bring her present action in the more appropriate forum," which is Ohio (Sylvester Aff., Exh. M at 14.) Zdrok argues that dismissals without prejudice have no preclusive effect because they are not "final" judgments. Victoria's Secret, however, contends that the California court issued a conditional dismissal, which can have preclusive effect in certain circumstances.

The Court agrees with Victoria's Secret. Unless otherwise stated, an involuntary dismissal (such as the one in the California action) operates as a final judgment on the merits. Fed.R.Civ.P. 41(b). Judge Tevrizian's July 30, 2001, Order provides:

In sum, this Court finds that if Plaintiff [Zdrok] wants to attack the judgment of the Ohio Court, then she should seek relief in the Ohio Court, which is the more appropriate forum for her arguments. She may not upset the principles of judicial comity, fairness and efficiency that underlie the basic rule against horizontal appeals ... Accordingly, this Court **grants** [Victoria's Secret]'s Motion to Dismiss Complaint **without prejudice** to allow Plaintiff to bring her present action in the more appropriate forum as discussed herein. (Sylvester Aff., Exh. M at 14.) A plain reading of this language indicates that Judge Tevrizian intended to grant Zdrok the right to refile her case, but only under the specific circumstance that she return to the State of Ohio to do so. In other words, the July 30, 2001, Order was a conditional dismissal.

This Court recognizes that a conditional dismissal is *with* prejudice if the conditions or limitations in the Order are not met: "When a court provides that an action is dismissed without prejudice under specified conditions ... the dismissal is with prejudice under other conditions." *Bernard Haldane Assoc., Inc. v. Harvard Prof'l Group*, 185 F.R.D. 180, 183 (D.N.J. 1999) (Wolin, J.). Judge Tevrizian was specific in his conditions for dismissal. Throughout his 14–page Order dated July 30, 2001, Judge Tevrisian repeatedly insists that Zdrok should return to Ohio: "[Zdrok] should file a motion in the Ohio Court" (Sylvester Aff., Exh. M at 9); "[Zdrok] can seek relief in the Ohio Court and assert the same arguments that she asserts here" (*id.* at 11); "these are issues which are more appropriately addressed by the Ohio Court" (*id.* at 13). At the hearing that took place the same day the Order was issued, Judge Tevrisian verbally instructed Zdrok and Sloca the Southern District of Ohio was "the court that you have to go to and set [the default

judgment] aside, not me." (Sylvester Aff., Exh. N at 4, line 23–24.) Judge Tevrisian's commands clearly indicate that Zdrok's only recourse was to return to Ohio; filing suit in any other court would be violative of his conditional order. Despite Judge Tevrisian's clear instructions, Zdrok violated the conditions of the order by filing this action in New Jersey. As a result, the present action must now be dismissed on grounds that the California Order only contemplated refiling in Ohio.

To entertain this action would also violate recognized notions of judicial comity. To allow this independent action would undermine the ruling of the California court that Ohio is the most appropriate forum for Zdrok. Judge Tevrisian went to great lengths to explain to Zdrok and Sloca the correct procedure to set aside the default judgment in Ohio. This Court does not wish to disturb Judge Tevrisian's well-reasoned Order. Therefore, to give proper recognition to that court's decision, this Court will bar litigation of these issues in New Jersey.

■ Perhaps more importantly, this Court recognizes that Judge Sargus in the Southern District of Ohio handed down the first decision in this long line of litigation. Established principles of comity preclude this Court from interfering with the issuing court's original ruling. For a nonissuing court to entertain an independent action for relief pursuant to Rule 60(b) would be to usurp the power of the rendering court. *Lapin v. Shulton, Inc.*, 333 F.2d 169, 172 (9th Cir.1964). Where a remedy is still available in the issuing court, a nonissuing court should decline jurisdiction of the independent, collateral attack. *Id.*; *Treadaway v. Acad. of Motion Picture Arts and Scis.*, 783 F.2d 1418, 1421 (9th Cir.1986). Indeed, "[r]esort to an independent action may be had only rarely, and then only under unusual and exceptional

circumstances." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2868 (2d ed.1995).

Zdrok has alleged no unusual or exceptional circumstances that persuade this Court to entertain her independent action in equity. Zdrok complains that she cannot afford to hire local counsel in Ohio, but she nonetheless found the financial resources to hire local counsel in New Jersey and, were this case to go to trial, to pay for her lead counsel's anticipated travel expenses to this State. Zdrok further argues that Victoria's Secret originally filed suit in Ohio because it possessed a "home town" advantage. This argument is fatuous. In our judicial system, the plaintiff chooses the forum. Moreover, diversity jurisdiction is predicated on the notion that unbiased federal judges preside over cases between parties from different states, precisely so that the local party does not gain any unfair advantage.

Plaintiff, however, relies on *Covington Indus. v. Resintex A.G.*, 629 F.2d 730, 733 (2nd Cir.1980), to argue that this rule of comity does not usually apply when the 60(b) motion is for relief from a default judgment. The court in *Covington* declared:

> Where the 60(b) motion is for relief from a default judgment, however, the assumptions about a rendering court's qualifications no longer apply. Where the defendant does not appear to contest jurisdiction and the court does not receive evidence or make findings in the matter except on the issue of damages, the court of rendition is no more familiar with the factual situation than is the court of registration. Under these circumstances, the court of registration therefore seems as qualified to determine the jurisdiction of the rendering court, particularly when the latter is a federal court of coordinate authority.

*Id.* Nonetheless, the case at hand is distinguishable for a number of reasons.

In *Covington*, 629 F.2d at 732, appellants filed a breach of contract action in the United States District Court for the Northern District of Georgia. Appellees never entered an appearance. *Id.* After receiving evidence on damages, the Georgia court entered a default judgment. *Id.* Appellants then registered the judgment and sought to enforce it against the appellee's assets in the Eastern District of New York. *Id.* Appellees made a motion to the New York court to obtain relief from the judgment under Rule 60(b) on the grounds that the Georgia court lacked personal jurisdiction over them. *Id.* The New York court, affirmed by the Court of Appeals, held that it had the power to determine the jurisdiction of the Georgia court, that the Georgia court lacked personal jurisdiction over the appellees, and that the Georgia judgment was thus void. *Id.*

In the case at hand, however, Victoria's Secret has not sought to register the default judgment in New Jersey. Zdrok is raising this collateral attack not as a defense, but as an independent action in equity. Moreover, this is her second bite at the proverbial apple. Zdrok already brought an independent action in equity in California; that court ordered her to return to Ohio. Instead, assuming that Victoria's Secret would register the Ohio default judgment in this State, she came to New Jersey to assert a second independent action. This behavior clearly distinguishes this case from *Covington*.

Furthermore, unlike most courts presiding over a typical default judgment, the Southern District of Ohio is more familiar with the present action than was the court in *Covington*. The Ohio court received and read two letters from Zdrok's counsel. Each *ex parte* communication contained procedural and substantive arguments

made by Sloca concerning the merits of Victoria's Secret's action against Zdrok. Judge Sargus considered the arguments contained in the first action, construed it to be a request to proceed without local counsel, and gave Victoria's Secret the opportunity to respond. The Judge then issued an order based on that letter. After receipt of a second letter written by Sloca, Judge Sargus issued an Order noting that "[Sloca] has now written two lengthy, fact-based letters to this Court in which he attacks the merits of [Victoria's Secret's] claim." (Sylvester Aff., Exh. H.) In that Order, the Judge determined that Zdrok's counsel was inappropriately and unethically making arguments to the Court, violating standards that prevent "the transmission of letters from counsel to a judge describing in detail the factual defense that the attorney claims his client has to the merits of [Victoria's Secret's] Complaint." (*Id.*) Under these circumstances, and considering that this Court is not bound by Second Circuit precedent, the Court concludes that Judge Sargus in the Southern District of Ohio is qualified to hear this case.

■ The normal and proper procedure for Zdrok would be to return to Ohio, where she could move to have the default judgment set aside and either defend the case on the merits or file for a transfer of venue. Because there are options available to Zdrok in Ohio, the Court will dismiss the current action pending in New Jersey.

### III. *MOTION FOR COSTS AND ATTORNEYS' FEES*

#### B. *Standard for Evaluating a Motion for Attorneys' Fees*

■ Victoria's Secret premises its Motion for Costs and Attorney's Fees on 28 U.S.C. § 1927, which provides for the award of costs, expenses, and attorneys' fees to the moving party when the non-movant "unreasonably and vexatiously" multiplies the proceedings in a particular case. Section 1927 requires a finding of willful bad faith on behalf of the offending party before sanctions may be issued. *In re Prudential Ins. Co.*, 278 F.3d 175, 181 (3d Cir.2002) (finding willful bad faith where plaintiffs' counsel filed a motion to recuse the presiding judge, released those papers to the press, filed unnecessary affidavits, and filed two separate motions for sanctions); *Baker Indus., Inc. v. Cerberus Ltd.*, 764 F.2d 204, 209 (3d Cir.1985) (finding willful bad faith where defense counsel filed objections and an appeal of a referee's rulings in blatant violation of a stipulation entered into with plaintiff). A finding of bad faith is required to "avoid chilling an attorney's legitimate ethical obligation to represent his client zealously." *Id.* " '[C]ourts should exercise [their power to sanction] only in instances of a serious and studied disregard for the orderly process of justice.' " *Id., citing Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 795 (7th Cir.1983).

Victoria's Secret also cites the Court's inherent power to sanction an attorney who has acted in bad faith. A court may award costs and fees when a nonmovant has willfully disobeyed a court order or has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (internal citations omitted). Exercise of a court's inherent power to sanction is discretionary and should not be undertaken lightly. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

#### A. *Analysis*

28 U.S.C. § 1927 applies to "[a]ny attorney or other person admitted to conduct cases in any court of the United

States," not to the party being represented. In this case, while Michael A. Taylor appears as local counsel, Steven L. Sloca appears of counsel on Zdrok's memoranda of law in opposition to Victoria's Secret's motions to dismiss and for costs and attorney's fees. Sloca was Zdrok's attorney in California and wrote Judge Sargus letters in the Ohio action. Because Sloca participated in all three actions, the Court will examine whether Sloca should be sanctioned for the vexatious path this litigation has taken. Additionally, the Court will examine whether Taylor should be sanctioned for his role as local counsel in this latest phase of the dispute.

Based on the totality of the circumstances, the Court concludes that Sloca has demonstrated willful bad faith by instituting multiple proceedings to resolve a single cause of action. Taken separately, Sloca's actions might not warrant sanctions, but his continuous disregard of federal court orders and precedent have led to this Court's determination that sanctions are justified in this situation.

In participating in this action in New Jersey, Sloca ignored the general rule that considerations of comity prevent parties from filing independent actions to void judgments in other courts. See Treadaway, 783 F.2d at 1420. Although the Third Circuit has not addressed this issue specifically, the Western District of Pennsylvania has previously deferred to the court which rendered a default judgment in order to enhance comity and further efficient judicial administration. Loader Leasing Corp. v. Penn Erection & Rigging Co., 566 F.Supp. 348, 349 (W.D.Pa.1982). Additionally, as a necessary rule of comity, the Third Circuit has stated that judges of co-ordinate jurisdiction sitting in the same

court should not overrule each other's decisions. TCF Film Corp. v. Gourley, 240 F.2d 711, 713–14 (3d Cir.1957).

More egregious than simply ignoring relevant case law, Sloca refused to abide by Judge Tevrizian's July 30, 2001 Order. (See Sylvester Aff., Exh. M.) Rather than returning to the Southern District of Ohio as instructed by Judge Tevrizian or appealing Judge Tevrizian's decision to the Ninth Circuit, Sloca openly defied that Order by refiling the independent action in this Court. The Court does not find this to be the result of poor interpretation on Sloca's behalf; rather, Sloca willfully chose to violate the California Order. In his 14–page Order, Judge Tevrizian thoroughly examined the applicable law and meticulously applied that law to the facts at hand. As stated above, he repeatedly stated that the Southern District of Ohio was the proper forum for Zdrok's complaints and that she should return there to obtain relief. Despite these explicit instructions, the case was refiled in New Jersey.

The Court must assume that as local counsel, Taylor was aware of the relevant case law within this circuit disfavoring collateral attacks. The Court must also assume that Mr. Taylor exercised proper diligence and was familiar with the prior proceedings in California and Ohio. Based on the foregoing, Taylor's decision to file this action on Sloca and Zdrok's behalf was inexcusable.[1] Mindful of Judge Tevrizian's clear directive that relief only be sought in Ohio, it was manifestly unreasonable for Taylor to agree to commence an action in New Jersey that directly contravened the prior decision of an Article III Judge in California.

---

1. The only other conclusion the Court can reach is that Taylor failed to exercise due diligence in agreeing to take on this action for Zdrok; Taylor should have fully investigated both the relevant law and the factual history of this dispute. In either event, Taylor's decision to file the action warrants sanctions.

Refiling the independent action here in New Jersey against the order of Judge Tevrizian is most certainly an act of willful bad faith. Sloca knew (and Taylor should have known) that filing suit here would make this the third U.S. District Court to entertain this case. To prevent the appearance that they were vexatiously multiplying the litigation, counsel neglected to mention that, previous to filing the action here, Sloca had filed the case in the Central District of California. It is simply unbelievable that in a 19–page, 47–paragraph Complaint (drafted and signed by Taylor) which references everything from Zdrok's childhood dreams up to the present stage of her litigation, Sloca and Taylor did not feel the need to mention the California action at any point. Omitting this key piece of the procedural history, counsel attempt to persuade the Court that "New Jersey is the only state that properly has jurisdiction over the underlying controversy." (Compl. at ¶ 15.) Apparently, Zdrok's attorneys did not believe New Jersey was the most appropriate forum until after the complaint in California was dismissed. This omission amounts to deception of a federal court, which should not go unsanctioned.

In endorsing the present action, Sloca has gone beyond overzealous pursuit of his client's desires to litigate in her home state. Rather, his conduct demonstrates willful bad faith, has led to the unreasonable multiplication of litigation, and has endeavored to deceive the federal judiciary. By agreeing to act as local counsel, Taylor has lent effect to Sloca's deception. To deter Sloca and Taylor from engaging in any such future abuses of the legal system, the Court will award fees and costs, to be borne jointly and severally. Accordingly, Victoria's Secret's motion for costs and attorney's fees is hereby **granted.**

## IV. *CONCLUSION*

For the foregoing reasons, Victoria's Secret's Motion to Dismiss the Complaint is **granted.** The Court's dismissal is without prejudice *only* to Zdrok's right to seek relief in the United States District Court for the Southern District of Ohio, Eastern Division.

Victoria's Secret's Motion for Costs and Attorneys' Fees Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Power to Sanction is also **granted.** Taylor and Sloca shall be jointly and severally liable for attorneys' fees and costs.