Opinions of the United States Court of Appeals for the Third Circuit



7-23-2004

# Zdrok v. V Secret Catalogue

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3450

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Zdrok v. V Secret Catalogue" (2004). *2004 Decisions.* Paper 468.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/468

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 02-3450 & 03-2321

VICTORIA ZDROK, individually
d/b/a Planet Victoria, Inc.; d/b/a PlanetVictoria.com

v.

V SECRET CATALOGUE, INC.;
VICTORIA'S SECRET DIRECT, LLC;
VICTORIA'S SECRET STORES, INC.;
INTIMATE BEAUTY CORP.,
each corporations

> VICTORIA ZDROK, individually and doing business
> as Planet Victoria, Inc. and PlanetVictoria.com,
> Appellant at No. 02-3450

> VICTORIA ZDROK, individually and doing business
> as Planet Victoria, Inc. and PlanetVictoria.com; and
> her attorneys of record MICHAEL A. TAYLOR*,
> ESQ. and STEVEN L. SLOCA*, ESQ.,
> Appellants at No. 03-2321

(*Pursuant to Rule 12(a), F.R.A.P. and Amended Notice of Appeal 5/23/03)

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 01-cv-04282
(Honorable William G. Bassler)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2004

Before:  SCIRICA, *Chief Judge*, RENDELL and ALARCÓN\*, *Circuit Judges*

(Filed:  July 23, 2004)

---

OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

**I.**

Petitioner Victoria Zdrok is a model, a former Playboy Playmate, a lawyer and a recent recipient of a Ph.D. in psychology.  Beginning in 1998, Zdrok has maintained an adult-oriented website with the domain name "victoriassecretdesires.com," which she changed to "planetvictoria.com" several months later.  In January 2001, Victoria's Secret sued Zdrok in the US District Court for the Southern District of Ohio, Eastern District ("Ohio court"), asserting claims under the Lanham Act of trademark infringement, cybersquatting, trademark dilution, and unfair competition.  On April 11, 2001, the Ohio court entered a default judgment against Zdrok and granted Victoria's Secret injunctive relief, attorneys' fees, and statutory damages of $100,000.  *V Secret Catalogue Inc. v. Zdrok,* No. 2:01-CV-0059, slip op. at 3-4 (E.D. Ohio Apr. 11, 2001).

Instead of appealing to the Court of Appeals for the Sixth Circuit or seeking reconsideration or other relief from the Ohio court, Zdrok filed a Fed. R. Civ. P. 60(b)

---

   \*The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial Circuit, sitting by designation.

motion in the United States District Court for the Central District of California

("California court"). Zdrok claimed she had not been properly served and that the Ohio

court lacked personal jurisdiction over her. The California court granted Victoria's

Secret's Fed. R. Civ. P. 12(b)(6) motion to dismiss "without prejudice to allow [Zdrok] to

bring her present action in the more appropriate forum as discussed herein." *Zdrok v. V*

*Secret Catalogue Inc.,* No. CV-4113 DT (RZx), slip op. at 14 (C.D. Ca. Aug. 1, 2001).

Zdrok then filed a complaint in the United States District Court for the District of

New Jersey ("New Jersey court" or "District Court"). She sought vacatur of the Ohio

court's default judgment under Fed. R. Civ. P. 60(b) based on improper service and lack

of personal jurisdiction, as well as "a declaratory judgment that the operation of her

internet website did not disparage, dilute or otherwise injure Victoria's Secret's

trademark."

On August 13, 2002, the District Court issued an order and opinion dismissing the

action under Rule 12(b)(6). *Zdrok v. V Secret Catalogue Inc.,* 215 F. Supp. 2d 510

(D.N.J. 2002). The court also assessed sanctions against Zdrok's counsel in the amount

of $25,000, finding willful bad faith in the attempt to file multiple suits in courts other

than Ohio. But on June 12, 2003, the court granted a motion to stay the sanctions order.

On September 20, 2002, Zdrok returned to the Ohio court, filing a Rule 60(b)

motion for relief from its default judgment. After an evidentiary hearing, the Ohio court

found that Zdrok was not properly served, and in an order issued after briefing on the

3

appeal to this Court, the Ohio court vacated its previously entered $100,000 default judgment. *V Secret Catalogue Inc. v. Zdrok,* No. 2:01-CV-0059, slip op. at 5-6 (E.D. Ohio Oct. 20, 2003). Victoria's Secret's motion for reconsideration of the order vacating the default judgment was denied on April 30, 2004. *V Secret Catalogue Inc. v. Zdrok,* No. 2:01-CV-0059, slip op. at 3-4 (E.D. Ohio Apr. 30, 2004). Neither party informed this Court of these recent rulings by the Ohio court, contrary to their responsibility to submit relevant supplemental materials necessary to render a fair and impartial verdict. *See* Fed. R. App. P. 28(j).

## II.

As both parties concede, the vacatur of the Ohio default judgment by the Ohio court serves to moot Zdrok's Rule 60(b) action before the District Court in the United States District of New Jersey. *See 13A Wright et al., Federal Practice and Procedure* § 3533.2, at 241 (2d ed. 1984) ("If full relief is accorded by another tribunal, a proceeding seeking the same relief is moot"). But its cause of action, a plea for declaratory relief of non-infringement, remains active, *see Federal Practice and Procedure, supra,* at 243 ("partial relief in another action . . . does not moot an action seeking additional relief"), as does the $25,000 sanction imposed against Zdrok's attorneys. *See County of Morris v. Nationalist Movement,* 273 F.3d 527, 534 (3d Cir. 2001) ("an award of attorney's fees with respect to the trial phases of a case is not precluded when a case becomes moot during the pendency of an appeal").

The District Court has never addressed the merits of the declaratory relief claim. Furthermore, the court indicated, without further explanation, that it might have reversed the sanctions award if Zdrok had not appealed to this Court. We will vacate the order of the District Court and remand for consideration of the claim for declaratory relief and for reconsideration of the award of attorneys fees. *See, e.g., County of Morris,* 273 F.3d at 536 (remanding to the district court to establish the proper award of attorney's fees).

### III.

We will vacate and remand to the District Court for proceedings consistent with this opinion.